CHARLES F. SCHOFIELD *vs.* EPHRAIM B. WOOD.

JOHN T. MAY *vs.* SAME.

Bristol.   January 13, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Exhibition Hall — Liability of Owner to Spectator — Due Care — Negligence — Contributory Acts of Others — Action.*

An action may be maintained against the owner of a hall, who is licensed to give public exhibitions in it, and who receives from the manager of a polo team a

certain sum for the use of the hall and one half of the net receipts for admissions, for personal injuries occasioned to a spectator of a game of polo by the falling of the guard rail in front of the gallery, upon which he with other spectators was leaning during the progress of the game in the hall, the rail being improperly constructed and fastened and insufficient in strength to withstand the pressure of great numbers leaning upon it, and the owner being aware that they were accustomed to do so; and the question whether the plaintiff, who acted as the others did, having no knowledge or notice of the insufficiency of the rail, was using due care, is for the jury.

The owner of a hall in which public exhibitions are given cannot escape liability if he was negligent in the manner in which the guard rail in front of the gallery in the hall was constructed and maintained, and if a spectator who was injured by the falling of the guard rail during the progress of an exhibition there was in the exercise of due care, on the ground that other persons may have contributed to the injury.

A person erecting and maintaining a hall for public exhibitions must use reasonable care in the construction, maintenance, and management of it, having regard to the character of the exhibitions given and the customary conduct of spectators who witness them; and the act of a spectator, who is injured by the falling of the guard rail in front of the gallery in the hall upon which he was leaning with others during the progress of an exhibition, must be judged of according to the conduct which ordinarily prudent people show under like circumstances.

TWO ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs respectively by the falling of the guard rail in front of the gallery in a building in Fall River owned and maintained by the defendant, during the progress of a game of polo therein, at which the plaintiffs were spectators for hire. At the trial of the cases together in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions. The facts appear in the opinion.

*C. F. Light*, for the defendant.

*J. W. Cummings*, (*A. S. Phillips* with him,) for the plaintiffs.

FIELD, C. J. These two actions were tried together before a jury. The plaintiffs are persons who bought tickets and were present as spectators at a polo game in a building or hall erected and maintained by the defendant, who was licensed to give public exhibitions in it. The defendant received fifty dollars a night for the use of the hall and one half of the receipts for admission after the expenses were paid, the other half going to the managers of the polo team. The attendants at the hall were in the employ of the defendant, and the defendant was himself present. At the close of the evidence the defendant's counsel made eighteen requests for instructions to the jury. The court refused

to give the first, ninth, fifteenth, and eighteenth requests,* and refused to give the other requests in the form requested, but stated that he would cover the points of the latter in the charge to the jury. The defendant "excepted to the refusals of the court to rule as requested, and generally to all portions of the charge which were not in accordance with the requests made by him, but made no further specific requests or suggestions."

The first request is, that upon all the evidence neither plaintiff can recover. There was evidence for the jury that the guard rail in front of the gallery was not strong enough to withstand the pressure upon the rail of the persons admitted to the gallery, that such persons in great numbers were accustomed to lean upon the rail during the progress of such a game as polo, when anything of interest occurred in the game at or near the end of the hall where the gallery was, and that the defendant knew this. It was the only way in which they could see what took place at or near the goal at that end of the hall. The jury might have found on the evidence that the defendant ought to have contemplated just such a crowding and leaning upon the rail as took place, and should have taken care to have the rail strong enough to support the weight which in this manner would be thrown

---

* These requests were as follows:

"1. Upon all the evidence, neither plaintiff is entitled to recover, and the jury should find for the defendant in each case."

"9. The audience in the gallery had no right to assume that they could lean over or crush against each other, and thus against the guard rail, and the plaintiffs, in joining with the crowd in so doing, were not themselves in the exercise of due care, even though the jury should find that the rail in its construction was defective."

"15. If the jury find that there was room for all the occupants of the gallery to be seated if they chose so to do, and the accident occurred because they did not keep their seats, then the defendant is not liable. The plaintiffs were not justified in standing up because the others in front of them stood up, and thus the view which they could have had from their seats was obstructed. If, by standing up and joining in the crowd in leaning over, the plaintiffs exposed themselves to danger, they were guilty of contributory negligence, and cannot recover."

"18. If the jury find that the plaintiffs were pushed from their seats or places to the floor below by the force of those in the seats in back of them, then the defendant cannot be held responsible for the acts of such persons, and the plaintiffs cannot recover."

upon it. There was evidence that the rail was improperly constructed and fastened and was insufficient in strength for the purposes for which it was likely to be used. The plaintiffs apparently had no notice or knowledge that the rail was not strong enough to support the weight of persons leaning and crowding upon it, and they were acting as all other persons in the gallery near the rail acted, and had been accustomed to act under similar circumstances, with the knowledge of the defendant. The first request was rightly refused. *Oxford* v. *Leathe*, 165 Mass. 254.

The court rightly refused to give the ninth and fifteenth requests. The question of the due care of the plaintiffs was for the jury. The defendant cannot escape liability if he was negligent in the manner in which this guard rail was constructed and maintained, and if the plaintiffs were in the exercise of due care, on the ground that other persons may have contributed to the injury. The eighteenth request ought not to have been given. A person erecting and using a hall for such exhibitions must use reasonable care in the construction, maintenance, and management of it, having regard to the character of the exhibitions given and the customary conduct of spectators who witness them, and the acts of the plaintiffs must be judged of according to the conduct which ordinarily prudent people show under like circumstances. The charge of the presiding justice seems to have been a correct and adequate statement of the law applicable to the case, and it is unnecessary to notice the other requests for instructions.

*Exceptions overruled.*