## ELLEN E. CUMMINGS *vs.* ALEXANDER H. COPLEY.

Suffolk. March 28, 1923. — March 31, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Contributory, In maintaining step. *Evidence,* Presumptions and burden of proof. *Landlord and Tenant,* Repairs.

On the evidence at the trial of an action of tort against the owner of a building by a woman, a customer of a tenant, for personal injuries received from a fall alleged to have been caused by a defective step as she was leaving the building, the questions, whether the step was defective, whether the plaintiff's injuries

arose from that defective condition as a proximate cause and whether the plaintiff was in the exercise of due care, were *held* to have been for the jury.

If, at the trial of an action of the character above described, there is evidence that the building was occupied by a tenant as a cobbler's shop, that when the tenant hired the building the defendant said he would keep it all in repair whenever necessary without any notice and that during his tenancy the defendant had so made repairs, it is proper to refuse a request for a ruling that there was no evidence to warrant a finding that the defendant at the time of the letting had made an express agreement of the character of the third class specified in the opinion in *Fiorntino* v. *Mason,* 233 Mass. 451.

TORT, by a woman against the owner of a building occupied by a tenant as a cobbler's shop, for injuries received by the plaintiff as the result of a fall alleged to have been caused by a defective step when she was leaving the premises, upon which she had entered on business with the tenant. Writ dated August 25, 1920.

In the Superior Court, the action and another action by the same plaintiff against the tenant of the building to recover for the same personal injuries were tried together before *Raymond,* J. The defendant made, among others, the following requests for rulings:

"1. Upon all the evidence the jury must return a verdict for the defendant Copley in this action.

"2. There is no legal evidence to warrant a finding that the plaintiff's accident was due to the alleged defects in the defendant Copley's premises.

"3. There is no evidence to warrant the finding that the defendant Copley at the time of letting the premises to Brem, made an express agreement of the character of the third class specified in the opinion of the Supreme Court in *Fiorntino* v. *Mason,* 233 Mass. 451.

"4. Considering the character of the premises and the use of the same, the condition described did not constitute such defects as would render the defendant Copley liable for damages resulting therefrom.

"5. If the jury find that the plaintiff at the time of the accident stepped out of the shop sideways and while talking with and looking at the tenant, she cannot recover in the action against either defendant."

The rulings requested were refused.

The jury returned a verdict for the plaintiff for the sum of $2,500 in the action against the owner and also in the action against the tenant. "At the request of the defendant and opposed by the plaintiff," the judge reported the action against the owner to this court, the verdict for the plaintiff to stand, if the rulings of the judge were held to be right, and, if they were held to be wrong, judgment to be entered in accordance with such rulings as ought to have been made.

*C. F. Perkins,* (*P. F. Perkins* with him,) for the defendant.

*J. E. Crowley,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover damages for personal injuries received by the plaintiff from a fall alleged to have resulted from a defective step as she was leaving a building owned by the defendant and occupied as tenant at will by one Brem as a cobbler's shop.

Without narrating the evidence in detail it is enough to say that it could not have been ruled as matter of law that the step was not defective or that the plaintiff's injury did not arise from that defective condition as a proximate cause, or that the plaintiff was not in the exercise of due care. These were questions of fact for determination by the jury. *Frost* v. *McCarthy,* 200 Mass. 445. *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401.

No request was made for any ruling as to the assumption of risk by the plaintiff. That subject so far as pertinent was adequately covered by what was said in the charge concerning due care. *O'Toole* v. *Pruyn,* 201 Mass. 126, 129. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 494.

The tenant testified in substance that when he hired the shop the defendant said he would keep it all in repair whenever necessary without any notice and that during his tenancy the defendant had so made repairs of his own motion. It is not necessary to state the evidence. Its weight and credibility are not for us but were for the jury and for the judge on motion to set aside the verdict. Although the defendant well may have expected a decision in his favor, there was no error of law in refusing to direct the jury to find for him. *Miles* v. *Janvrin,* 200 Mass. 514. *Conahan* v. *Fisher,* 233 Mass. 234. *Fiorntino* v. *Mason,* 233 Mass. 451.

The jury were rightly instructed that the plaintiff could not recover unless the tenant would be entitled to recover under the same circumstances. *Angevine* v. *Hewitson,* 235 Mass. 126, and cases there cited. It could not have been ruled as matter of law that the tenant would be precluded from recovery if he had been injured as was the plaintiff, for reasons already stated.

*Verdict for the plaintiff to stand.*