George D. Cram, et al.
vs.
Fred Zmijka, et al. } Eq. No. 11367.

June 9, 1932.

CHURCHILL, J. Heard on bill, answer and proof.

Complainant George D. Cram, who is described as the Chief Probation Officer of the Third District, Bristol County, Commonwealth of Massachusetts, seeks to enforce an order of the Third District Court, County of Bristol, Commonwealth of Massachusetts, in a criminal case brought against one Fred Zmijka.

The case is ruled by the case of *Kordoski* v. *Belanger*, 52 R. I. (recently decided). On the authority of that case, the bill is dismissed.

For complainant: Michael F. Costello.

For respondent: Walter J. Hennessey.

Joseph Levin
vs.
Felix R. Wendelschaefer } No. 77890.

Ida Levin
vs.
Same } No. 77891.

June 9, 1932.

BLODGETT, J. Heard upon demurrers to declarations.

Action of negligence for injuries received by Ida Levin in a fall on a stairway of the Providence Opera House by reason of insufficient lighting and the wet and slippery condition thereof. The other action is brought by the husband.

Demurrers set out no duty on proprietor to light such stairway, or to maintain same so that same should never become wet and slippery.

Owners of buildings rented for business purposes are ordinarily not required to light stairways (*Capen* v. *Hall*, 21 R. I. 364).

The measure of duty of the proprietor of a theatre is that he shall use care to keep the premises in a reasonably safe condition.

*Schofield* vs. *Wood*, 170 Mass. 415.

A person having paid admission to a theatre has a right to assume that the owner has provided a reasonably safe place.

*Lusk* vs. *Place*, 132 N. Y. App. Div. 426.

Duty of owner to keep premises safe for invitees extends to all portions of the premises included in the invitation. *Blood* vs. *Ausley*, 231 Mass. 438.

The stairways by which attendants at a theatre reach their seats are a portion of the premises included in the invitation. Such stairways should be kept reasonably safe.

The Court is of the opinion that this is a question of fact to be determined upon the evidence.

Demurrer to first count overruled.

The second count, alleging a slippery and dangerous condition of said stairway, does not allege that defendant knew or should have known such dangerous condition, nor does it allege any duty of inspection.

Demurrer to second count sustained.

For plaintiff: Max Winograd.

For defendant: Henshaw, Lindemuth & Baker.