RUTH RAFUSE *vs.* BOSTON CONSOLIDATED GAS COMPANY.

Suffolk.    April 2, 1935. — April 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Negligence*, Invited person.

At the trial of an action for personal injuries sustained by a girl when she fell upon a common stairway in a building owned by the defendant, a finding that the plaintiff was an invitee of the defendant at the time she was injured was warranted on evidence that the plaintiff was a pupil in a dancing school conducted by a tenant of the defendant in a room in the building reached by going over such stairway; that upon the opening of the school in September, the plaintiff told the tenant that she had a cousin whom she "was bringing in to register as a pupil," to which the tenant replied, "Bring her in sometime and I will talk to her"; that the accident occurred a few days later, on a Sunday, at a time when the plaintiff and her cousin had gone to the dancing school for the purpose of registering the cousin and, having found it closed, were on their way out of the building; that each year the tenant con-

ducted rehearsals in the school on Sundays in February, March, April, May, November and December; and that the tenant had not been in the building on Sunday from the May previous to the accident to the time thereof, there being no evidence that the tenant was at the school on Sundays only in the months when rehearsals were conducted or that the plaintiff had any means of knowing that the tenant would not be there on the Sunday when the accident occurred.

TORT. Writ dated May 12, 1930.

The action was tried in the Superior Court before *Macleod*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions. Material evidence is stated in the opinion.

*D. W. Jacobs*, for the plaintiff.

*P. R. Frederick*, (*John J. Sullivan* with him,) for the defendant.

CROSBY, J. The plaintiff seeks to recover damages for personal injuries received by her at about noon on September 8, 1929, by reason of falling down a flight of stairs which extended from the first to the second floor of a building owned by the defendant.

It is recited in the plaintiff's substitute bill of exceptions that one Mildred C. Sacco, a tenant of the defendant, conducted a school of dancing at the time the plaintiff was injured and prior thereto; that the plaintiff was one of her pupils; that the school was on the third floor of the defendant's building; that the stairway was used in common by tenants occupying rooms upon the upper floors; that between May, 1929, and the first of September of that year the dancing school was closed; that it reopened on September 2, 1929, and the plaintiff registered as a pupil for the ensuing term; that when the school reopened the teacher had a conversation with the plaintiff with reference to having the latter bring new pupils to enroll in the school; that on September 4 or 7, 1929, the plaintiff told her teacher that she had a cousin "who she was bringing in to register as a pupil for dancing instruction . . . and that Miss Sacco said in reply to the plaintiff, 'I appreciate that very much, Ruth. Bring her in sometime and I will talk to her,' and that the plaintiff, then about nine years of age, did not

tell Miss Sacco when she would bring her cousin in to have her register and that Miss Sacco did not tell the plaintiff when she should bring her . . . cousin in for registration"; that the day of the accident fell on a Sunday and Miss Sacco was not in the building that day; that she conducted rehearsals of her school of dancing on practically every Sunday during February, March, April, and May of each year, and also conducted rehearsals in November and December of each year, usually at about one o'clock and sometimes at about three o'clock in the afternoon, for the usual May recitals and Christmas festivals, respectively; that during these Sunday rehearsals conducted in February, March, April and May of 1929, and also in November and December of 1928, the plaintiff was her pupil and took part in the Sunday rehearsals and in the recitals and festivals; and that Miss Sacco had not been in the building from May, 1929, to the time of the accident on a Sunday.

The plaintiff testified in substance that at about noontime on the day of the accident, accompanied by her cousin Gertrude Kennedy, she went to the building and entered the common hall through the street door which was unlocked, and walked up the first or lower stairway leading from the street to the second floor; that on that floor the door at the foot of the second stairway leading into the dancing school was closed and locked; that she and her cousin proceeded down stairs; and that as she (the plaintiff) reached the fifth or sixth step from the top, with her hand on the hand rail, her right foot caught in the metal coping or covering on the edge of the tread and she fell to the bottom of the hallway, fracturing her right shoulder and receiving further injuries. The plaintiff's cousin who accompanied her testified substantially to the same effect.

An important question in the case is whether the plaintiff at the time she was injured was an invitee to the premises or a mere licensee. If the latter it is plain that she is precluded from recovery. The circumstances that the teacher conducted rehearsals on every Sunday during February, March, April and May, and during Sundays in November and December of each year, and that the school was re-

opened the first week in September for the registration of pupils for the ensuing term only, did not as matter of law constitute the plaintiff a mere licensee when at the express invitation of her teacher she went to the school with her cousin to be registered. She was told to bring her cousin in "sometime and I will talk to her." There is no evidence to show that the teacher was at her school on Sundays only during the months when rehearsals were conducted. The plaintiff had no means of knowing that her teacher would not be at the school on September 8, 1929, when she was told to bring her cousin there "sometime" for registration. It could not have been ruled as matter of law that the tenant would be precluded from recovery if she had been injured as was the plaintiff on the day in question. The plaintiff could not recover unless the tenant would be entitled to recover in the same circumstances. *Cummings* v. *Copley*, 244 Mass. 448, 451. In the opinion of a majority of the court the jury would have been warranted in finding that at the time the plaintiff was injured she was using the stairway at the implied invitation of the defendant.

The questions, whether the plaintiff was in the exercise of due care and whether the defendant was negligent in view of the condition of the stairway, should have been submitted to the jury. It follows that the direction of a verdict for the defendant was erroneous. *Noonan* v. *O'Hearn*, 216 Mass. 583, and cases cited.

The teacher Sacco was called by counsel for the plaintiff who asked her, "Did you tell Miss Rafuse to bring new pupils whenever she could?" The question was excluded and the plaintiff excepted. This exception cannot be sustained as the question was leading.

*Exceptions sustained.*