No. 2864 Northern Suffolk, ss.

ROWE, p. p. a. (Perlman & Perlman)
v. COTTER (Badger, Pratt, Doyle and Badger)

From the District Court of Chelsea—Loschi, J.

Argued March 31, 1941—Opinion Filed May 7, 1941

HENCHEY, J. (Pettingell, A.P.J., & Wilson, J.)—In this action of tort brought by Paul Rowe, a minor, four years of

age, through his father, George C. Rowe, the plaintiff seeks to recover for personal injuries alleged to have been caused by the defendant's negligent operation of an automobile.

At the conclusion of the trial, the court found for the defendant, and the case comes before us because the plaintiff claims to be aggrieved by the trial judge's rulings on his requests.

The plaintiff's mother testified that the plaintiff was an obedient child; that he was accustomed to play in the neighborhood with the other children there; that on the day in question she had gone out several times to see if the plaintiff was all right; that she saw the plaintiff two minutes before the accident and at that time he was playing either on the sidewalk or the street, she could not say which, as there was no distinct line of demarcation between the street and the sidewalk; that she heard a scream coming from the direction of the street, she looked out the front door, and saw the plaintiff running toward her, crying, "Mummy, car hurt me." After the plaintiff came in the house she saw the defendant sitting on the left hand side of the street behind the wheel of his car. He inquired if the boy was hurt and she said, "I don't know yet; I'm taking care of him now."

Walter Spaziano, a boy four years old, was admitted as a witness by the trial judge. He testified that he and the plaintiff were playing near the car and that the plaintiff chased the car and "hooked" a ride. Upon cross-examination he at first denied and then admitted that he had talked with some man and was promised a Christmas present.

At the appropriate time the plaintiff offered seven "Requests for Rulings and Findings of Fact," all but two of which were allowed. Among the requests allowed were those to the effect that there was sufficient evidence to warrant findings that the defendant's negligence caused the plaintiff's injury, and to warrant a finding for the plaintiff, and further to warrant a finding that the car in question was illegally registered. The two requests which were denied called for rulings that the defendant operated the car in question in such a negligent manner that it struck the plaintiff, and both the plaintiff and the person charged with his custody were in the exercise of due care at the time of the injury.

It seems to us that the crux of the plaintiff's appeal must lie in the correctness of the trial judge's ruling in denying two of the plaintiff's requests.

Having made several requests, and the same having been granted, the plaintiff cannot now complain. As was said by the court in DiLorenzo et al v. Atlantic Bank of Boston, 278 Mass. 321: "If, after the general finding for the defendant was made, they (plaintiffs) thought there was an incompatibility to be corrected, their proper course was to file a motion for its correction." Certainly there was no inconsistency in granting,

at the plaintiff's request, a ruling that the evidence warranted a finding in his favor, and then to find generally in favor of the defendant upon a consideration of all the evidence. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455.

What, then, were the requests which were denied? They called for rulings that the defendant was negligent and that the plaintiff and his guardian were in the exercise of due care.

Generally, negligence is a question of fact. *R. Dunkel Inc.* v. *Barletta Co.* 302 Mass. 7; so also the plaintiff's due care. *Schofield* v. *Wood,* 170 Mass. 415. If that be so, then the trial judge was not required to grant these requests for findings of facts. *Conde Nast Press Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480.

Thus, in the instant case, it could not be ruled as a matter of law that the child and his mother were in the exercise of due care. In a similar set of circumstances (*i.e.,* temporary absence) it was held that it was for the jury to say whether or not there was an absence of due care. *Shear* v. *Rogoff,* 288 Mass. 357. Further, there was evidence which, if believed, warranted a finding that the plaintiff was entirely to blame for his injury.

Nor could it be ruled as matter of law, from the meager evidence as to the accident, that the defendant was negligent. It has often been stated that the mere happening of an accident is no proof of negligence.

Thus we come to the conclusion that no prejudicial error was suffered by the plaintiff in the trial judge's denial of his two requests.

Report is to be dismissed.