HELEN E. BATTEN & another *vs.* GEORGE L. TOBEY & others.

Suffolk. February 5, 1945. — March 15, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Negligence,* One owning or controlling real estate, Rug.

A finding of negligence of one in control of real estate toward an invitee injured by falling down steps when an ordinary rug lying on a marble floor close to the top step slipped under him was not warranted where the material of the floor and the position and general character of the rug were obvious.

TORT. Writ in the Municipal Court of the City of Boston dated June 10, 1943.

The action was heard by *Tomasello,* J.

*Joseph Joyce Donahue,* for the plaintiffs.

*D. H. Fulton,* for the defendants.

QUA, J. This action is brought by Helen E. Batten, hereinafter called the plaintiff, for personal injury sustained on September 21, 1942, while she was a business invitee on premises controlled by the defendants and occupied by physicians and dentists. Her husband joins to recover consequential damages. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1.

There was evidence that as the plaintiff was leaving the premises she passed over a rug on the marble floor of the vestibule about two or three inches from the top of a flight of four marble steps. When she had taken two or three steps on the rug and was about a foot from its edge nearest the top step, it "slipped several inches under her." "She felt that it went over the edge with her," and she fell forward down the four steps. The rug was produced at the trial by the defendants at the demand of the plaintiff, and by the terms of the judge's report it became part of the record. A "rug agent" who had "sold thousands of rugs for marble and wood floors" testified that the rug was

a cheap one, all cotton, imported from Europe. The witness described material that he had sold to put under rugs to prevent slipping on marble floors. When asked what he knew about the slippery quality of cotton rugs as compared with woolen rugs, he replied that "the cotton rug acts as a sled."

The trial judge found for "the plaintiff." The Appellate Division ordered judgment for the defendants. "The plaintiff" appealed.

The Appellate Division was right.

We have examined the rug. It is about four feet three inches by six feet three inches in size. If made of cotton, it is, nevertheless, of very substantial thickness and weight. It has the general appearance of an oriental rug. There is nothing very peculiar about it. Nothing was concealed, unless the fact that the rug was made of cotton can be said to have been concealed. But it is matter of common knowledge that cotton rugs of different kinds much smaller and lighter than the defendants' rug are in general use on floors which must be at least as slippery as a marble floor. The nature of the floor and the size and in a general sense the thickness and weight of the rug were obvious. There is nothing to show that this rug was more likely to slip on a marble floor than was the "very thin" rug of woolen fibre which was provided with no means to prevent it from slipping and which "slipped . . . easily" on the "highly polished" and "slipperiest" hard wood floor the plaintiff had ever seen in *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, 230–231, or than the similarly unprotected "small rug" about two feet wide and two and one half feet long on the "most highly polished floor . . . [the plaintiff] had ever seen" — "positively glassy" — in *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 290. Nor do we think that the danger, whatever it was, was materially less apparent than in the cases just mentioned. In each of these cases it was held that the plaintiff assumed an obvious risk, and that the defendant had violated no duty it owed to the plaintiff. We do not think that the position of the rug near the beginning of the steps adds anything to the plaintiff's case. If

this made the rug any more dangerous, it was nevertheless a common and an obvious condition.

A majority of the court are of opinion that any differences between this case and the cases cited are too slight to be made the ground of a distinction. The case of *Cutro* v. *Scranton Medical Arts Building,* 329 Penn. St. 382, is another similar decision.

*Order of Appellate Division affirmed.*