WILBUR A. STAPLES *vs.* POND CLUB, INC.

Essex. January 7, 1946. — March 1, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Invited person, One owning or controlling real estate, Club.

A so called club corporation, formed "to promote the social and recreational interests of the members of the club and the community" and conducting a restaurant, owed to the members of a party to whom as paying guests its manager served drinks, a duty to use care that the premises should be reasonably fit and safe for their use and to take

fair and reasonable precautions that they should be informed of and warned against dangers incident to the enjoyment of club privileges which were not obvious to the senses of an ordinarily intelligent person.

Evidence that the plaintiff in an action of tort against an incorporated club had entered the club house by stepping on the rounded surface of a telegraph pole laid alongside an unrailed platform, a means of entrance and exit frequently used, had purchased drinks in the club restaurant and had become an invitee therein and, as he was leaving at the same part of the platform following others almost three hours later, after a light which had showed on the platform when he entered had been extinguished, slipped and fell on the rounded surface of the pole and was injured, warranted a finding of negligence on the part of the defendant.

TORT. Writ in the Superior Court dated September 5, 1944.

The case was tried before *Broadhurst,* J.

*W. E. Carey,* for the plaintiff.

*J. A. Laurano,* (*G. J. McCarthy* with him,) for the defendant.

WILKINS, J. This is an action of tort for personal injuries allegedly sustained by reason of a defective condition of the defendant's premises negligently maintained in violation of the duty owed the plaintiff as an invitee. The answer contained a general denial and alleged contributory negligence. At the close of the evidence the judge allowed a motion of the defendant for a directed verdict in its favor. The plaintiff excepted. The parties stipulated that, if the case should have been submitted to the jury, judgment is to be entered for the plaintiff in the sum of $1,500; otherwise judgment is to be entered for the defendant.

These facts could have been found. The defendant was formed "to promote the social and recreational interests of the members of the club and the community," and was in control of a two and one half story frame building on the shore of Martin's Pond in North Reading. The members did not pay dues. The club building contained a dance floor and a restaurant, where food and liquor were sold to members and their guests. The rear of the building rested over the pond upon piles. In front of the building was a low wooden platform. At the front of the platform

was a railing with an opening opposite a door used as an entrance. On the left, or north, side of the platform there was no railing. Along the platform on the north side upon the ground, which sloped slightly toward the pond, lay a telegraph pole. There was another telegraph pole along the front of that part of the platform between the corner on the north side and the opening in the railing.

On the evening of July 29, 1944, about 9:30 P.M. the plaintiff was a member of a party which went to the club. He was a guest of one Kane, who could have been found either to be, or not to be, a club member. They followed others, and, stepping upon the pole, entered by way of the platform on the north side. At that time there was a light at the "apex" of the building, which "threw some light" on the platform, the poles, and the ground. After being seated by one Hagan, in whom were combined the functions of president, manager, and bartender, the party was served "rounds" of beer and "mixed drinks." Payment was made in each case by Kane from a fund contributed by the men in the party. About 12:15 A.M. on July 30 when they left, the outside light had been extinguished. The plaintiff followed one Smithwick off the north side of the platform. After Smithwick had stepped down, the plaintiff stepped onto the pole. His right foot slipped backward between the pole and the platform, and he was thrown forward and injured. He "experienced a sensation of slipperiness on the log," but felt no wetness. As he left, the plaintiff saw six or seven other people not in his party leave the club by the north side. He had no knowledge that there was a telegraph pole instead of a step until after he fell. The north side very frequently had been used as an entrance and exit on other occasions. One of the witnesses testified that from what he saw "it appeared to him to be an entrance for patrons."

If Kane was found not to be a club member, Hagan could have been found to have had authority to receive the plaintiff and his companions as paying guests of the defendant. *Hosher-Platt Co.* v. *Miller*, 238 Mass. 518, 524. *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass.

550, 560. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179. *McCarthy* v. *Brockton National Bank,* 314 Mass. 318, 323. *Tetrault* v. *Ghibellini,* 316 Mass. 477, 479. In that event, the defendant owed the plaintiff a duty to use care that the premises should be reasonably fit and safe for the plaintiff's use, and to take fair and reasonable precautions that the plaintiff should be informed of and warned against all dangers incident to the enjoyment of club privileges which were not obvious to the senses of an ordinarily intelligent person. *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, 231–232. See *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11. Even if the plaintiff and his party were found to be mere licensees upon entering the building, a similar duty might have arisen through the subsequent transactions of purchasing drinks. *Lanstein* v. *Acme White Lead & Color Works,* 285 Mass. 328, 329.

We do not intimate that that duty might not have existed if Kane was found to be a club member. See *Beecroft* v. *New York Athletic Club of the City of New York,* 111 App. Div. (N. Y.) 392; *Abbott* v. *Richmond County Country Club,* 211 App. Div. (N. Y.) 231, affirmed 240 N. Y. 693; *Traub* v. *Progress Country Club, Inc.* 256 App. Div. (N. Y.) 249; 14 C. J. S., Clubs, § 10. Compare *Shumway* v. *Milwaukee Athletic Club,* 247 Wis. 393, 396.

There was evidence of negligence on the part of the defendant. The absence of a railing, the frequent use of the north side of the platform as a means of ingress and egress, and the fact that it appeared to be an entrance would have permitted a finding of an invitation to the plaintiff to depart from that side. *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20, 22. *Kelley* v. *Goldberg,* 288 Mass. 79, 82. *Palmer* v. *Boston Penny Savings Bank,* 301 Mass. 540, 543–544. When the plaintiff left after midnight and after the outside light had been extinguished, it could have been found to be dark on the north side of the platform. It could not have been ruled as matter of law that at that time the presence of a telegraph pole instead of a conventional type of step was reasonably obvious to a person of ordinary intelligence. Cases like *Kitchen* v. *Women's City Club of Boston,* 267 Mass.

229, and *Batten* v. *Tobey,* 318 Mass. 64, are, therefore, distinguishable. Such a ruling would not have been required by the fact that the plaintiff had successfully entered by the same route earlier in the evening when the light was on. It could not have been said that stepping once upon the pole when the plaintiff arrived necessitated a finding that he should have been apprised of the dangerous condition. The case of *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, is not an authority for the defendant. The plaintiff's case does not rest upon the fact that there was a step down resulting from the difference in level between the platform and the ground. See *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 92–93. His complaint arises out of the unsafe character of the pole itself, which had a rounded and not a flat surface, and could have been found to be slippery. On these facts the jury could have concluded that the premises had not been made reasonably safe for the plaintiff's use. *Schofield* v. *Wood,* 170 Mass. 415, 417–418. *Ward* v. *Blouin,* 210 Mass. 140. *Blood* v. *Ansley,* 231 Mass. 438, 442. *Cummings* v. *Copley,* 244 Mass. 448, 450. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 180. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, 303–304. *Rosen* v. *Boston Symphony Orchestra, Inc.* 315 Mass. 732, 734. *Tetrault* v. *Ghibellini,* 316 Mass. 477, 480. There would have been nothing conjectural in deciding that the character and condition of the pole were the cause of the plaintiff's fall.

*Exceptions sustained.*

*Judgment for the plaintiff for $1,500.*