ESTHER FLANDERS & another *vs.* WILLIAM J. PAILEY.

Suffolk.    January 8, 1947. — February 1, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* One owning or controlling real estate.

Evidence of the circumstances in which a customer in the defendant's place of business, familiar with the premises, was injured through catching his foot in an ordinary electric cord located upon the floor and not shown not to have been in plain view did not warrant a finding of negligence on the defendant's part.

TORT.    Writ in the Superior Court dated May 23, 1944. The action was tried before *Dowd,* J.

*I. N. Samuels,* for the plaintiffs.

*J. R. Kewer, (J. F. Drum* with him,) for the defendant.

RONAN, J.    The plaintiff Esther Flanders (hereinafter called the plaintiff), on the occasion of her twentieth visit to the defendant's place of business to which she had gone for slenderizing treatments, was injured as she was leaning down to grasp the handles of a roller machine in order to get onto the machine, her foot having caught in an electric cord causing her to be thrown against the wall.    The other plaintiff, her husband, seeks consequential damages.    The judge, subject to the exceptions of the plaintiffs, directed verdicts for the defendant.

The machine was of simple construction.    It consisted of a cylinder suspended horizontally between two low metal frames, which were somewhat similar to the foot piece of a metallic bedstead.    The sides of the cylinder were composed of several round wooden rods.    As the cylinder revolved, these rods acted as rollers as they came in contact with such portions of a person's body as were placed in their path. The top of the cylinder was nearer to the floor than the

seat of an ordinary chair. If the cylinder was revolving when the plaintiff was preparing to get upon it, as she says it was, this would not indicate any negligence of the defendant. There was no need of any warning because the plaintiff knew it was in operation, and whatever risk attended such an attempt was open and obvious. But she was not injured by the machine. Her accident was due to her foot becoming caught in the electric cord which ran from a plug in the baseboard of the wall to the machine. There was nothing to indicate that this cord was defective or that it was not in plain view. The electric cord appears to be of a type in common use. It was not located in any passageway or aisle, although it was located upon the floor and was in the path of one who approached the machine from the direction of the wall. While it was the duty of the defendant to use ordinary care to maintain his premises in a reasonably safe condition for the use of his customers and to warn them of any dangers that either were not known to them or were not obvious to an ordinarily intelligent person, *Kelley* v. *Goldberg*, 288 Mass. 79; *Staples* v. *Pond Club, Inc.* 319 Mass. 238, the defendant could rightly assume that the plaintiff by reason of her previous visits was familiar with the premises, that she would exercise ordinary circumspection in walking to the roller machine, and that she would readily observe the presence of the cord. There was no negligence in maintaining the electric cord or in failing to warn the plaintiff of its presence. *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202. *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184. *Rego* v. *Sagamore Manuf. Co.* 305 Mass. 346. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227. *O'Hanley* v. *Norwood,* 315 Mass. 440. *Lavoie* v. *Brockelman Brothers, Inc.* 315 Mass. 673. *Rogers* v. *Cambridge Taxi Co.* 317 Mass. 578. *Batten* v. *Tobey,* 318 Mass. 64.

*Exceptions overruled.*