RUTH POMERANCE, Respondent, *v.* WILLIAM POMERANCE, Appellant.

Argued May 29, 1950; decided July 11, 1950.

*Samuel Bader* and *Abraham Ralph Kartzman* for appellant. The complaint does not state facts sufficient to constitute a cause of action. (*Goldman* v. *Goldman,* 282 N. Y. 296; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Crowell* v. *Crowell,* 135 Misc. 530, 229 App. Div. 771; *Chamberlain* v. *Cuming,* 99 App. Div. 561, 184 N. Y. 526; *Kyff* v. *Kyff,* 286 N. Y. 71.)

*Morris E. Packer* for respondent. The complaint states a cause of action. (*Hungerford* v. *Hungerford,* 161 N. Y. 550; *Dolan* v. *Dolan,* 270 App. Div. 788, 296 N. Y. 707; 271 App. Div. 851, 296 N. Y. 860; *Kyff* v. *Kyff,* 286 N. Y. 71; *Tirrell* v. *Tirrell,* 232 N. Y. 224; *Harding* v. *Harding,* 203 App. Div. 721, 236 N. Y. 514; *Hamlin* v. *Hamlin,* 224 App. Div. 168; *Brooklyn Trust Co.* v. *Lester,* 239 App. Div. 422; *Zysman* v. *Zysman,* 140 Misc. 617; *Haas* v. *Haas,* 298 N. Y. 69; *Condon* v. *Associated Hosp. Service,* 287 N. Y. 411; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198.)

DESMOND, J. Plaintiff wife brought this suit to set aside a separation agreement made between her and defendant husband. Defendant moved to dismiss the amended complaint, for alleged insufficiency. Special Term granted the motion but the Appellate Division reversed and denied it. The Appellate Division then allowed defendant an appeal to this court, certifying to us this question: " Does the amended complaint state facts sufficient to constitute a cause of action? "

The pleading is a wordy one, and not a perfect example of what section 241 of the Civil Practice Act demands, i.e., " a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved." But neither prolixity nor repetitiousness nor the unnecessary averment of evidentiary facts destroys a complaint's sufficiency. " If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied " (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432–433; *Condon* v. *Associated Hosp. Service of N. Y.,* 287 N. Y. 411, 414). This complaint does contain,

in addition to much else, statements of alleged facts which, if proven, would be basis for the relief sought.

In its fifth paragraph, it tells us that by the separation agreement, entered into in 1939, defendant agreed to pay plaintiff $30 per week for the support of plaintiff and a daughter (then eight years old), that defendant at that time " claimed and stated " that his income averaged $4,000 a year, and that the weekly sum so agreed upon " was accepted by plaintiff, because of her destitute circumstances and by reason of her weak, nervous and run-down condition, although insufficient and inadequate at that time for the maintenance and support of her needs and those of Doris, and the repayment of the debts incurred by her as aforesaid." In the fourteenth paragraph of the complaint the charge is made that when plaintiff signed the separation agreement, she was in debt and had been left penniless by her husband, and that her poor physical and nervous condition had been caused, in part, by defendant's ill treatment. That language meets the test of the cases, since it is an assertion that the terms of the agreement were unfair and inadequate, and that the wife made it improvidently and because she was sick and nervous, etc. It is an assertion that the measure of support fixed by the writing was not " fair, adequate and equitable " (*Tirrell* v. *Tirrell,* 232 N. Y. 224, 231; see *Hungerford* v. *Hungerford,* 161 N. Y. 550, 553).

Elsewhere in this complaint are allegations that the husband's earnings have greatly increased, as have the wife's necessities, and that the $30 per week is wholly inadequate for the support and maintenance of the wife and child. These references to facts later in time than the date of the agreement, are, whatever their ultimate impact on the decision of the case, not irrelevant (*Harding* v. *Harding,* 236 N. Y. 514; *Brown* v. *Brown,* 239 N. Y. 518; *Dolan* v. *Dolan,* 296 N. Y. 707, 296 N. Y. 860).

Certain other comments are in order. First, it is of course not the law that only lump-sum settlement agreements are subject to later attack by action (*Dolan* v. *Dolan, supra*). Second, the statements in various opinions of this court that a separation agreement valid on its face stands so long as " unrevoked " or " unimpeached " (see *Galusha* v. *Galusha,* 138 N. Y. 272, 283; *Goldman* v. *Goldman,* 282 N. Y. 296, 300, 301, 302; *Jackson* v. *Jackson,* 290 N. Y. 512, 516) do not help us to the decision of

cases (such as this) where validity is challenged. Third, the allegations, above quoted, of this complaint are not mere "conclusions" but are statements, in customary form (see *Pelz* v. *Pelz*, 156 App. Div. 765), of the ultimate facts required by the cited authorities to be proved — if anything, they go too far in the other direction of pleading evidence (see *California Packing Co.* v. *Kelly Storage & Distributing Co.*, 228 N. Y. 49, 54).

The order should be affirmed, with costs, and the certified question answered in the affirmative.

FROESSEL, J. (dissenting). In my opinion, the complaint is legally insufficient. A cause of action to declare null and void a separation agreement must set forth *facts* impeaching or challenging the agreement for some cause recognized by law (*Goldman* v. *Goldman*, 282 N. Y. 296, 300). As the statute provides (Civ. Prac. Act, § 241), the complaint "shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved." Mere conclusions are insufficient (*Kalmanash* v. *Smith*, 291 N. Y. 142, 156). A reading of the amended complaint herein discloses that the only allegations concerning the circumstances surrounding the execution of the separation agreement are contained in paragraph fifth, namely, that plaintiff accepted the sum of $30 a week "because of her destitute circumstances and by reason of her weak, nervous and run-down condition, although insufficient and inadequate at that time", which conclusory allegations are in effect repeated in paragraph fourteenth but also alleged to relate to a period subsequent to the separation agreement. In other words, plaintiff conclusorily alleges that when she made the agreement she was without funds, weak, nervous and run down, and that the amount she received — almost 40% of her husband's income — was inadequate. No *facts* showing inadequacy, misrepresentation, fraud, concealment, duress, undue influence, overreaching conduct, or repudiation of the agreement by her husband are pleaded. The mere fact that the financial situation of the husband has substantially improved since the separation agreement is not a ground for setting it aside (*Schmelzel* v. *Schmelzel*, 287 N. Y. 21, 24, 26).

Accordingly, the order of the Appellate Division should be reversed and the order of Special Term giving plaintiff an

opportunity to plead over should be affirmed. The question certified should be answered in the negative.

LOUGHRAN, Ch. J., DYE and FULD, JJ., concur with DESMOND, J.; FROESSEL, J., dissents in opinion in which LEWIS and CONWAY, JJ., concur.

Order affirmed, etc.