E. SUSAN CURREN et al., Appellants, *v.* HOWARD O'CONNOR et al., Respondents.

Argued November 18, 1952; decided December 5, 1952.

*Joseph F. Curren,* in person, and *John McKim Minton* for appellants. I. Whether the status of the injured plaintiff was that of a licensee or that of an invitee, the complaint alleges actionable negligence. (*Kane* v. *Walsh,* 295 N. Y. 198; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Condon* v. *Associated Hosp. Service,* 287 N. Y. 411; *Pomerance* v. *Pomerance,* 301 N. Y. 254; *Ferro* v. *Sinsheimer Estate,* 256 N. Y. 398; *Bernal* v. *Baptist Fresh Air Home Soc.,* 275 App. Div. 88; *Mulligan* v. *New York Athletic Club,* 302 N. Y. 705; *Hayton* v. *McLaughlin,*

289 N. Y. 66; *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154; *Roth* v. *Prudential Life Ins. Co.*, 266 App. Div. 872; *Sheingold* v. *Behrens*, 275 App. Div. 686.) II. Dismissal of the complaint before trial unfairly deprived plaintiffs of their day in court and determined as a matter of law questions of fact which should be reserved for a trial. (*Hayton* v. *McLaughlin*, 289 N. Y. 66; *Greenfield* v. *Hospital Assn. of City of Schenectady*, 258 App. Div. 352; *Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442; *Silverberg* v. *Schweig*, 288 N. Y. 217.) III. There is a need for clarification as to the duty of an owner to an invited guest. (*Schwartz* v. *Slatkin*, 278 App. Div. 947; *Bogateroff* v. *Caplan*, 108 N. Y. S. 2d 205; *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240; *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154; *Patnode* v. *Foote*, 153 App. Div. 494; *Higgins* v. *Mason*, 255 N. Y. 104; *Millspaugh* v. *Northern Indiana Public Service Co.*, 104 Ind. App. 540; *Rozell* v. *Rozell*, 281 N. Y. 106.)

*Samuel E. Swiggett* for respondents. The judgment entered on the order of the Appellate Division is not erroneous. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *Barrett* v. *Brooklyn Heights R. R. Co.*, 188 App. Div. 109, 231 N. Y. 605; *Roche* v. *American Ice Co.*, 140 App. Div. 341; *Downes* v. *Elmira Bridge Co.*, 179 N. Y. 136; *Roth* v. *Prudential Life Ins. Co.*, 266 App. Div. 872; *Sheingold* v. *Behrens*, 275 App. Div. 686, 301 N. Y. 816; *Klein* v. *Ramapo Park*, 253 App. Div. 824.)

FROESSEL, J. Plaintiff wife brought this action to recover damages for personal injuries; her husband, in a companion cause of action, sues for medical expenses and loss of services incidental thereto; both charge defendants with negligence. By two separate motions, each defendant challenges the legal sufficiency of the complaint under rule 106 of the Rules of Civil Practice. Special Term denied their motions; the Appellate Division reversed and granted the motions to dismiss. If, of course, in any aspect of the facts stated, plaintiffs are entitled to recovery, the complaint should not have been dismissed (*Pomerance* v. *Pomerance*, 301 N. Y. 254).

We agree with the Appellate Division that, under the allegations of the challenged pleading, plaintiffs were social guests of defendants (*Sheingold* v. *Behrens,* 275 App. Div. 686, 276 App. Div. 973, motion for leave to appeal denied 301 N. Y. 816; *Roth* v. *Prudential Life Ins. Co.,* 266 App. Div. 872; *Vaughan* v. *Transit Development Co.,* 222 N. Y. 79; 4 Shearman and Redfield on Negligence, § 781; Prosser, Torts, p. 627). However, according the allegations of the complaint a liberal construction, as required by section 275 of the Civil Practice Act, we cannot say as a matter of law that upon no theory of proof could a recovery be predicated. Plaintiffs' evidence may not be pleaded (Civ. Prac. Act, § 241). Our courts have been liberal with respect to the sufficiency of complaints in negligence actions, and particularly so in the absence of a bill of particulars.

While it is well settled that the mere polishing of a floor, thereby creating a slippery condition, is not negligence, even as to an invitee (*Nelson* v. *Salem Danish Lutheran Church,* 296 N. Y. 870; *Batten* v. *Tobey,* 318 Mass. 64; *Cutro* v. *Scranton Medical Arts Bldg.,* 329 Pa. 382; *Brown* v. *Davenport Holding Co.,* 134 Neb. 455; *Nelson* v. *Smeltzer,* 221 Iowa 972), it is nevertheless possible that plaintiffs may be able, upon a trial, under the allegations of paragraphs second and sixth of the complaint, to submit evidence entitling them to recover (*Higgins* v. *Mason,* 255 N. Y. 104, 108–109; *Faber* v. *Meiler,* 278 App. Div. 849). In the cases relied on by the Appellate Division (*Sheingold* v. *Behrens, supra; Roth* v. *Prudential Life Ins. Co., supra,* as well as *Faber* v. *Meiler, supra*), the parties at least were permitted to go to trial.

The judgment should be reversed and the orders of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly.