THOMAS H. DE BARYSHE, Individually and as a Director and Stockholder of SPLIT ROCK RANGE, INC., Respondent, v. ELIZABETH W. KIDWELL, Appellant, et al., Defendants.— The individual defendant appeals from an order of Supreme Court, Schenectady County, entered in Essex County Clerk's office March 28, 1953, denying a motion for the dismissal of the complaint herein on the ground of the failure on its face to state facts sufficient to constitute a cause of action. (Rules Civ. Prac., rule 106, subd. 4.) The complaint alleges two purported causes of action, one in plaintiff's individual capacity for damages, and the other as a stockholder of the corporate defendant for an accounting by defendant Kidwell to the corporation. The allegations of the complaint set forth that each of the individual parties owns one half of the outstanding capital stock of Split Rock Range, Inc., which was financed by

defendant Kidwell and for which she was to provide substantial additional financing. The corporation was organized in 1946. From that time until November 28, 1952, when he was enjoined by an order of the Supreme Court, plaintiff was and acted as its president, director and general manager. From the date of the organization Mrs. Kidwell has been vice-president, secretary and director. Further allegations of the complaint, as to both causes of action, set up a series of acts or omissions on the part of defendant Kidwell claimed to be designed to accomplish certain purposes, viz., so far as plaintiff is concerned personally, to injure and damage him, prevent him from participating in and deprive him of his interest in the corporation, and, as to the corporation, depletion of its assets and the damaging of its credit for the use and benefit of the individual defendant. The only question before this court is the legal sufficiency of the complaint. That pleading, which must be liberally construed, contains statements of alleged facts which, if proved, would be the basis for the relief sought (*Pomerance* v. *Pomerance,* 301 N. Y. 254, 255, 256; *Curren* v. *O'Connor,* 304 N. Y. 515; *Rager* v. *McCloskey,* 305 N. Y. 75) both in individual and representative causes of action. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.