Anthony M. Livoti, J.
The defendant moves for an order dismissing the complaint for legal insufficiency pursuant to rule 106 of the Rules of Civil Practice. Although four causes of action are set forth, the first three of which are for money damages and the fourth for a declaratory judgment, the defendant’s principal contention as set forth in its brief is that ‘ ‘ the complaint PRESENTS NO CONTROVERSY FOR THE INTERVENTION OF THE COURT UNDER SECTION 473 OF THE CIVIL PRACTICE ACT ” aild that ‘ ‘ IT IS CLEAR FROM A READING OF THE COMPLAINT THAT THE PLAINTIFFS HAVE AVAILABLE TO THEM FULL AND COMPLETE REMEDIES IN OTHER FORMS OF ACTION.”
Another point urged in said brief is that the complaint is defective because the claim of each plaintiff has not been separately stated and numbered. This contention may not be considered since the notice of motion is not addressed to this aspect of the pleading.
Plaintiffs urge that since the defendant has challenged the sufficiency of the entire complaint containing four causes of action, the sufficiency of any one of them will warrant the denial of the motion. (Imperatrice v. Imperatrice, 298 N. Y. 549.) Notwithstanding that rule, however, this court will pass upon each of the causes of action. (Wells v. Dent, 4 A D 2d 307.)
The first cause of action purports to be one for false representation. The plaintiffs seek damages they claim they sustained due to their reliance on representations made by the defendant in order to induce them to enter into a certain agreement with the latter with respect to the condemnation and relocation of their homes. These alleged representations pertained to the future performance by the defendant of an agreement to relocate the said homes and to the estimated cost of such relocation. While the plaintiffs allege that the homes were not relocated in accordance with the alleged prior representations of the defendant and that the cost was in excess of the prior estimate, they do not allege that at the time the defendant made the representations it knew or intended that the homes would not be so relocated, nor that the estimated cost of relocation was erroneous. Thus the plaintiffs have not alleged the elements of a good cause of action for false representation. A promissory statement as to what will be done in the future *818 is not actionable unless it was made with, a preconceived and undisclosed intention of not performing it. (Sabo v. Delman, 3 N Y 2d 155, 160 ; Adams v. Gillig, 199 N. Y. 314, 319.)
The second cause of action is for damages allegedly caused by the defendant’s breach of contract. This cause of action is insufficient in that it fails to allege any facts to support the plaintiffs’ conclusion that the dwellings were not placed upon the relocated site in a finished, safe and proper condition for residence. It is true that there are sufficient facts for a good cause of action for breach of contract alleged in paragraph “eighth ” of the first cause of action, but the plaintiffs have not seen fit to incorporate that paragraph in the second cause of action.
In the third cause of action the plaintiffs seek damages allegedly sustained by them due to false representations they allege the defendant made to the court which fixed the amount of the condemnation awards. This is a collateral attack on the proceedings of another court and no facts have been alleged that would warrant such relief, even if a condemnation award may be attacked collaterally, something about which this court has considerable doubt.
In the fourth cause of action the plaintiffs seek relief by way of declaratory judgment with respect to six specified matters. The relief sought in paragraphs “ B ”, “C” and “D” is identical with preceding causes of action. Inasmuch as the plaintiffs may obtain and have attempted in the same complaint to obtain relief at law with respect to these three matters, there seems to be no necessity for a declaratory judgment with respect thereto.
As for the relief sought in paragraphs “ E ”, “ F ” and “ Q- ”, it would appear that an action for a declaratory judgment would lie, since the purpose of such an action is to enable “ a party whose rights, privileges, and powers are endangered, threatened, or placed in uncertainty, to invoke the aid of the court to obtain a declaration of his rights or legal position before he subjects himself to damages or loss.” (22 CarmodyWait, New York Practice, p. 696 [emphasis supplied] ; Town of Ohio v. People of the State of N. Y., 264 App. Div. 220.) In the case at bar the contract is silent as to the liability of the plaintiffs for rent for the relocated dwelling between the dates of relocation and of closing of title and it is not clear as to the parties entitled to interest on the condemnation award between the date of receipt and the date of talcing of title. It is claimed that the defendant has demanded that the plaintiffs take title and pay at that time the interest and rents referred to above. *819 If they continue to refuse they may subject themselves to an action for breach of contract. It would seem that this aspect presents a situation for a declaratory judgment.
The motion is accordingly granted to the extent of dismissing the first three causes of action with leave to plead over. The motion is denied as to the fourth cause of action since it is the rule that if in any aspect of the facts stated a good cause of action has been alleged, it cannot be dismissed for legal insufficiency because some of the claims therein set forth are not actionable. (Curren v. O’Connor, 304 N. Y. 515.)