Birdie Amsterdam, J.
Defendant moves (a) to require plaintiff to separately state and number the causes of action purportedly included in her complaint, or (b) in the alternative to dismiss the complaint for failure to state a cause of action and (c) likewise in the alternative to strike certain allegations as irrelevant.
The action is one to rescind and have declared null and void a separation agreement between the parties duly entered into over eight years ago, namely, June 7, 1954. While the complaint attacked here is relatively a short one, the separation agreement is quite extensive and detailed. It covers 20 pages of comprehensive provisions, altered and amended. From the papers before me can be gleaned some 17 years of litigation between these parties, starting back in 1945 when plaintiff sued for a divorce. In passing upon the branch of the motion presented here to separately state and number, I deem it necessary to consider the background of the parties as presented by the complaint and separation agreement annexed.
Plaintiff’s divorce action instituted in 1945 was discontinued by her after obtaining a stipulation dated November 16, 1945 under which the defendant was to make certain payments, etc. Plaintiff refers to this as a separation agreement. The parties then lived apart and in August of 1953 plaintiff then instituted a separation action against defendant in which she sought temporary alimony and counsel fees. This was denied because of the stipulation-agreement of November 16, 1945 afore-stated. Negotiations followed which resulted in the separation agreement of June 7, 1954, in suit here. After the execution of said agreement, plaintiff discontinued the separation suit but sought to reinstate the previous divorce action to the calendar. This was done and eventually she entered a judgment therein (undefended by defendant) on August 10, 1954 which judgment incorporated the terms and provisions of the separation agreement.
Plaintiff now asserts, after eight years of living under this agreement, that she was induced to execute same upon the false and fraudulent representations by defendant to her of his small income and lack of assets, that such representations were false when made. All of the elements of fraud and scienter are pleaded by plaintiff in support of this cause of action in fraud, whereby she demands the agreement be rescinded and declared null and void.
Study of the agreement indicates its studied consideration by the parties before its execution. There is specific provision that there are no representations, promises, warranties, covenants or undertakings, other than those set forth and that each has *318 had independent legal advice by counsel of his or her own selection. The complaint, in seeking revocation of the agreement, makes no mention of the lump sum payments defendant made to plaintiff.
While the complaint seeks revocation on the ground of fraud on the part of the defendant, there are other allegations to the effect that the provisions in the separation agreement are entirely insufficient and inadequate for her support. This, on the face of the complaint, seemingly indicates two causes of action pleaded by plaintiff; the one for fraud predicated upon false representations by defendant with respect to his income and the other, which deals with plaintiff’s present physical condition and the inadequacy and insufficiency of the payments under the separation agreement to meet her present requirements. Manifestly, these allegations have nothing to do with the alleged fraud but appear to be pleaded with a view to bringing the action within those classes of cases which hold that the court may, in the exercise of its general equitable powers, set aside a separation agreement where the provisions thereof are not ‘ ‘ fair, adequate and equitable ’ ’ (Pomerance v. Pomerance, 301 N. Y. 254; Tirrell v. Tirrell, 232 N. Y. 224; Hungerford v. Hungerford, 161 N. Y. 550; Galusha v. Galusha, 138 N. Y. 272). Indeed, defendant’s counsel, in his brief, concedes such legal precedents. And while plaintiff urges that she has not sought to plead a cause of action in that aspect, she nevertheless argues that the agreement is not fair, adequate or equitable.
I am of the view that as presently constituted, the complaint may be construed to plead two distinct causes of action. Plaintiff therefore will be required to separately state and number her causes of action and the motion is accordingly granted in that aspect. The balance of the relief requested is therefore academic and not passed upon. Plaintiff is directed to serve an amended complaint, separately stating and numbering her causes of action, within 20 days after the date of service of a copy of this order, with notice of entry.