Joseph A. Suozzi, J.
This is a motion to dismiss the complaint for failure to state facts sufficient to state a cause of action (Rules Civ. Prac., rule 106, subd. 4).
The plaintiff is a three and one-half-year-old infant who allegedly sustained personal injury while playing with a lawn mower on the defendant’s front lawn in the company of the defendant’s child. The negligence charged to the defendant is the leaving of the mower unattended on his premises with notice that the infant plaintiff customarily played there with his son. The complaint also imputes knowledge to the defendant that the plaintiff would be attracted to the instrumentality.
The defendant’s motion is predicated on the theory that the plaintiff as a social guest is a bare licensee who takes the premises as she finds them, and is owed no duty from a landowner except to abstain from affirmative acts of negligence or infliction of intentional injury (Gross v. Lewis, 5 N Y 2d 884; Krause v. Alper, 4 N Y 2d 518; Traub v. Liekefet, 2 A D 2d 22, affd. 4 N Y 2d 747). The quoted rule is equally applicable to infants who fall within the category of social guests (see Krause v. Alper).
Since the three and one-half-year-old plaintiff in this ease is non sui juris as a matter of law (Meyer v. Inguaggiato, 258 App. Div. 331, motion for leave to appeal dismissed 282 N. Y. 811; Verni v. Johnson, 295 N. Y. 436), the only question remaining is whether the defendant can be found guilty of affirmative or willful negligence under the pleadings.
While the so-called doctrine of attractive nuisance is not generally applied in this State (Morse v. Buffalo Tank Corp., 280 N. Y. 110, 115), a jury, in determining what would be reasonable care under the circumstances, is entitled to take into consideration the well-known propensity of children to climb and play (Collentine v. City of New York, 279 N. Y. 119, 125). The application of this latter principle has led to the imposition of liability upon an owner of land who maintains a dangerous condition in the nature of a trap (Mayer v. Temple Props. Inc., 307 N. Y. 559), or who harbors an inherently dangerous object (Kingsland v. Erie County Agric. Soc., 298 N. Y. 409). “ The degree of care required is commensurate with the risk involved, depending upon such circumstances as the ‘ dangerous character of the material ’ and its accessibility to others, particularly children whose presence should have been anticipated, regardless of whether or not they were trespassers.” (Kingsland v. Erie County Agric. Soc., supra, pp. 423-424.)
WTiile we do not hold that a lawn mower constitutes an inherently dangerous instrumentality (cf. Pigott v. Livingston Vil., *244 Inc., 13 A D 2d 555), we are also not prepared to say as a matter of law, based on the pleadings alone, that the infant plaintiff could not recover upon any theory of proof that may be advanced (cf. Curren v. O’Connor, 304 N. Y. 515; see, also, Parnell v. Holland Furnace Co., 234 App. Div. 567, affd. 260 N. Y. 604). The instant motion is directed to the pleadings and not the plaintiff’s evidence, and the latter may not be pleaded (Curren v. O’Connor, supra, p. 517). The motion is denied.