(82 Misc. Rep. 676.)

### BISHOP v. BISHOP.

(Supreme Court, Special Term, New York County. November, 1913.)

1. DIVORCE (§ 156*)—INTERLOCUTORY JUDGMENT.
　　A plaintiff, who has obtained an interlocutory judgment of divorce, cannot be compelled by defendant to have a final judgment entered, but must either have such judgment entered, or have the interlocutory judgment vacated.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 518, 528–531; Dec. Dig. § 156.*]

2. DIVORCE (§ 48*)—DEFENSES—CONDONATION.
　　Condonation of a divorceable offense by a spouse is favored by law.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 169, 170, 184; Dec. Dig. § 48.*]

3. DIVORCE (§ 165*)—INTERLOCUTORY JUDGMENT—VACATION—TERMS.
　　While either a final judgment of divorce should be entered or the interlocutory judgment obtained be vacated, the interlocutory judgment must be vacated without prejudice, and the unsuccessful party is not entitled to have all the money paid thereunder for maintenance and counsel fees returned to him on its vacation.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–542, 546, 548; Dec. Dig. § 165.*]

Divorce action by Abigail H. Bishop against James C. Bishop. On motion by defendant for final judgment, or, in the alternative, for an order requiring plaintiff to enter final judgment within the period fixed, or, on failure to do so, that the interlocutory judgment be vacated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Interlocutory judgment vacated, unless plaintiff applies for final judgment within 10 days.

See, also, 156 App. Div. 897, 898, 943, 141 N. Y. Supp. 1109.

Hays, Hershfield & Wolf, of New York City, for plaintiff.

Strong & Cadwalader, of New York City (Henry W. Taft and George Coggill, both of New York City, of counsel), for defendant.

GIEGERICH, J. This is a motion made by the defendant for final judgment in an action for a divorce, or, in the alternative, for an order requiring the plaintiff to enter final judgment herein within some period to be fixed by the order, or, in the event that she fail so to enter final judgment that the interlocutory judgment heretofore entered herein be vacated. The plaintiff's action was contested, and resulted in a decision in her favor, and on the 12th day of June, 1913, an interlocutory judgment of divorce was entered. Thereafter no order was entered in said action, except an order, made on November 11, 1913, appointing a guardian ad litem for one of the infant children of the parties. On October 2, 1913, more than 3 months after the interlocutory judgment had been entered, but within 30 days after the expiration thereof, the defendant made this motion for the entry of final judgment.

The interlocutory judgment directed the defendant to pay the plaintiff $288.46 per week for the support and maintenance of herself and some of the children of the marriage, the custody of whom had been awarded to her, and also to pay her attorneys $10,000 counsel fee and for costs and disbursements. All payments thus directed by the interlocutory judgment have been made by the defendant. Subsequently to the first notice of motion, a supplemental notice was served, asking for the alternative relief, in the event that the court could not grant the defendant's application for final judgment, that it should make an order requiring the plaintiff to enter final judgment within some period to be fixed by the order, or, in the event that she failed to enter such final judgment within such period, that the interlocutory judgment be vacated.

[1] The plaintiff opposes the granting of the final decree, stating that she does not desire to avail herself of the provisions of the interlocutory decree, and that since obtaining the same she has determined that it is better, for the sake of her children, that she condone the acts complained of and continue the marital relation. It has been held in this state that under such circumstances the plaintiff cannot be required to divorce the defendant against her will. Adams v. Adams, 57 Misc. Rep. 150, 106 N. Y. Supp. 1064. In England, where a decree nisi is entered in actions for divorce, which is analogous to our interlocutory judgment, it has been held that the application for final judgment cannot be made by the unsuccessful party. Ousey v. Ousey, 1 Law Reports, Probate Division, 56. I agree with the reasoning in Adams v. Adams, above cited, and with the principle underlying the English rule.

[2] Not only is condonation favored by the law (Galusha v. Galusha, 116 N. Y. 635, 643, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453), but it would be manifestly unjust that the offending party should be permitted to force a final decree for the dissolution of the marriage

upon an innocent spouse wishing to continue the marital relation. The present unsettled status of the parties cannot, of course, be permitted to continue. The plaintiff must decide definitely upon one course or the other.

[3] Either a final judgment should be entered, or the interlocutory judgment should be vacated. (Ousey v. Ousey, supra); but there can be no provision, such as is suggested on behalf of the defendant, that all moneys paid by him under the interlocutory judgment should be returned to him. The vacation of the interlocutory judgment must be without prejudice to the acts done or payments made while it was in force. An order may be entered, therefore, providing that, unless the plaintiff makes application for final judgment within 10 days after entry of such order, then an order may be entered vacating the interlocutory judgment.