AUSTIN, NICHOLS & Co., INC., Appellant, *v.* HARRY S. JOBES and ROGER A. VAN VECHTEN, Individually and as Copartners, etc., Respondents.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Judgments — when must be rendered — entry of — Municipal Courts — actions — pleading — Municipal Court Code, § 119.

Under the provision of section 119 of the Municipal Court Code that " the court must render judgment within fourteen days " and that if no decision is rendered within such time, the case must be remitted to the calendar, the judicial functions of the trial justice are completed upon his rendering judgment; the entry of it in his docket is merely a ministerial act.

Where the attorney for plaintiff in a Municipal Court action, in the belief that no judgment had been rendered within fourteen days of the final submission of the case, because no judgment was filed, consented to the entry of an order placing the case on the calendar as not having been decided within the statutory time limit, but learning several months later from the

trial justice, that he had in fact decided the case within a few days of its submission, said attorney, upon procuring from the justice a certificate to that effect, and that he had decided the case in plaintiff's favor on the merits and had directed the entry of judgment accordingly, and upon certificates from the clerks of several districts of the court establishing that the papers had in some way disappeared, an order denying a motion for an order directing the clerk of the court to file and enter the judgment rendered in the action and file copies of the pleadings and papers in place of the originals which had been lost will be reversed and the motion granted.

APPEAL from an order of the Municipal Court of the city of New York, borough of Brooklyn, third district, which denied plaintiff's motion for an order directing the clerk of the Municipal Court to file and enter in his office the judgment rendered in the action on June 17, 1919, and also directing said clerk to file copies of the pleadings and papers in place of the originals, which had been lost.

William N. Lewis, for appellant.

Herbert A. O'Brien, for respondent.

KELBY, J.    The facts seem substantially undisputed. The trial of the action was had on June twelfth, in the Third District Municipal Court, and was fully tried out on the merits.    No judgment having been filed, defendant moved, on July thirty-first, that the case be placed on the " Reserved generally " calendar as not having been decided within the statutory fourteen days.    Plaintiff consented thereto, and the motion was granted.    Some months later plaintiff's attorney learned from the trial justice that he had in fact decided the case within a few days of submission, and he thereupon procured from the trial justice the following certificate:

" I hereby certify, that the above entitled action was tried before me on June 12, 1919; that on June 17, 1919, I rendered a decision therein, in writing, substantially as follows:

" 'After trial on the merits, I hereby find and decide that Plaintiff is entitled to recover from defendants the sum of $335.56 with $21.63 interest, total $357.19. The defendant, Roger A. VanVechten, not summoned, and the Clerk is hereby directed to enter judgment accordingly.

" ' 5 days stay of execution.

" ' Dated *June* 17, 1919.

" ' WILLIAM D. NIPER,
" ' *Justice.*'

" I further certify that on said 17th day of June, 1919, I delivered said decision together with the papers in said action to an official connected with the Sixth District Municipal Court of the City of New York, Borough of Brooklyn, at said Court, with direction to forthwith transmit the same to the Clerk of the Third District Municipal Court, Borough of Brooklyn, for filing in his office.

" Dated BROOKLYN, N. Y., *October* 2, 1919.

" WILLIAM D. NIPER,    [SEAL]
" *Justice Municipal Court.*"

Upon the basis of this certificate, together with certificates from the clerks of the sixth and the third districts, establishing that the decision and the papers had in some way disappeared, plaintiff made the motion now before the court. The whole matter was referred to the trial justice, who denied both motions, with a memorandum as follows, indorsed on the papers: " The foregoing denial of this motion is made solely upon the ground that there is no proof of the actual filing of the decision in the office of the clerk of the Third District."

The brief of the respondents on this appeal seeks to sustain this result by a narrow examination of the justice's certificate, criticising it as vague in its reference to the unnamed " official " of the Sixth District Court, and asserting that a delivery only to the clerk of the third district would be effectual to give it validity for filing. I think that the clear recollection of the justice that he did decide the case within the proper time should be allowed to prevail over such objections, if that may legally be done, instead of approving the waste of time and money of a new trial.

Section 119 of the Municipal Court Code states that " the court must *render* judgment within fourteen days " and " If no decision is *rendered* within the time thus limited " it is provided that the case goes back to the calendar.

Appellant points out the language of the section as above, and cites authorities to the effect that, where a decision has in fact been " rendered " within the due time, there is no requirement that the justice is himself to personally file it, and that filing is a ministerial thing which the clerk may attend to even after the fourteen-day period. It seems obvious enough that the object of the fourteen days' limitation is not to secure promptness in *filing* but to secure promptness in decision before the judicial recollection may become impaired by delay. The justice, after he has duly " rendered " his decision, is free to adopt any customary or reasonable or practical method of securing its delivery to the proper clerk, and if, by some mischance, the method adopted goes awry, he has power necessarily to repair the defect in furtherance of justice and in defeat of delay as may be needed. The recent case of *Haggar* v. *Gorayeb*, 182 N. Y. Supp. 776, is in point. There this court followed the decision in the case of *Fish* v. *Emerson*, 44 N. Y. 376, which held:

" The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment. * * * I am unable to find any principle of law requiring us to hold that the omission to docket must inflict a penalty upon the plaintiff."

The order appealed from is, therefore, reversed and the motion is granted.

CLARK and CROPSEY, JJ., concur.

Order reversed.