PHEBE LANGRICK and Others, Plaintiffs, *v.* RICHARD ROWE and Others, Defendants.

Supreme Court, Bronx County, November 9, 1925.

Partition — sale — property is equitably converted as soon as order for sale is confirmed — share of party in action for partition who died after confirmation but before conveyance of title passes as personalty — dower — widow who released dower to deceased party prior to sale not entitled to dower.

An equitable conversion of real property to personalty occurs as soon as a direction for the sale thereof and final judgment thereon confirming the sale and directing distribution of the interests as determined are made, notwithstanding the fact that the actual conveyance of the property under the direction to sell is delayed.

Accordingly, the share of a party who died after the confirmation of a sale of certain real property in an action for the partition thereof, but before the actual conveyance under the direction to sell was made, is personalty and passes to his heirs at law for distribution.

The widow of said decedent who, in the course of the partition proceedings executed a release of her dower interest to said decedent prior to the sale of the property, is not entitled to her dower interest upon distribution.

MOTION for instructions to referee as to distribution of defendant Richard Rowe's share of proceeds of sale of real estate in action for partition.

HATTING, J. The situation presented here, although unusual, has already had the attention of our courts in the action of *Robinson v. Govers* (138 N. Y. 425). This is an action for the partition of certain real property, consisting of five parcels, situated respectively in Bronx county, New York county and Queens county, in the State of New York. The action proceeded through its various stages, and the interests of all the parties involved were determined, and in the course of events, and on the 21st day of December, 1923, the interlocutory judgment was made and entered, wherein the referee thereby appointed was directed to sell the five parcels. During the years 1924 and 1925 the various parcels were sold, the last of which sales occurred on the 15th day of May, 1925, and contracts accordingly made and signed. Title to three of the above-mentioned parcels passed on June 15, 1925, and the purchase money therefor was received by the referee. The total amount realized from the sale of all five parcels was the sum of $96,075.

In the meanwhile, and on June 3, 1925, an order was made confirming the sales of the last three mentioned parcels, entry of which order was, however, delayed until June 10, 1925. The total amount of the proceeds of the sale of the last three parcels was not received by the referee until after the entry of the judgment

confirming the sale, and on June 15, 1925. The order confirming the sales directed that the portion of the proceeds thereof to which the defendant Richard Rowe was adjudged to be entitled, amounting to the sum of $8,194.99, be paid to the defendant Richard Rowe. The wife of the defendant Richard Rowe had in the course of the proceedings executed her release of dower interest to the said Richard Rowe. After the signing of the order of confirmation on June 3, 1925, and before its entry on June 10, 1925, the defendant Richard Rowe died on June 8, 1925, leaving him surviving a widow and heirs at law. Distribution has been made by the referee under the order of confirmation to all persons interested in the proceeding, with the exception of the defendant Richard Rowe, now deceased, or his representatives.

The matter now comes before this court for instructions to the referee as to the matters involved in the following particulars: Whether the share of Richard Rowe should be divided among his heirs at law, without any dower interest in the widow, by reason of her having executed a release; whether it should be divided among his heirs at law, subject to a dower interest of the widow; whether the shares should be paid to the administratrix of the goods and chattels of Richard Rowe; whether the share of any infant heirs at law should be paid to the chamberlain of the city of New York; whether the proceeds of the sale of the Bronx properties, known as parcels A and B, should be deemed personalty, by reason of the fact that the titles had closed prior to the death of Richard Rowe; whether the proceeds of the New York and Queens parcels, being the three parcels hereinbefore mentioned, should be deemed real property or personal property; and for such other and fuller instructions to the referee in reference to the distribution of these moneys as may be deemed proper.

In chronological sequence the proceedings, so far as they may be deemed applicable to this motion, were these: December 21, 1923, the interlocutory judgment directing the sale of the five parcels was made and entered. On May 14, 1924, two parcels, designated A and B, were sold at auction in the county of Bronx, realizing the sum of $22,325. Orders confirming the sale of these two parcels were duly entered. In the meantime a question of title was raised, which was passed upon by the Appellate Division and reported in 212 Appellate Division, 404, after which, and on April 17, 1925, and April 15, 1925, respectively, title to these two parcels passed and the proceeds were received. On May 15, 1925, parcels D and E, situated in Queens county, were sold at public auction and realized the sum of $37,000. On May 14, 1925, parcel

C, situated in New York county, was sold at public auction and realized $36,750. On June 3, 1925, an order was signed confirming the sale. On June 8, 1925, the defendant Richard Rowe died. On June 10, 1925, the order confirming the sale and directing distribution was entered, and on June 15, 1925, title to parcels C, D and E was passed and the proceeds received by the referee.

The referee seems to be chiefly concerned with the questions whether the conversion occurred upon the making of the order of confirmation, whether the conversion occurred upon the entry of the order as a judgment, or whether the conversion occurred at the time of the actual conveyance of parcels C, D and E and the receipt by him of the proceeds of such sale; whether the confirmation of the sale of parcels A and B and the conveyance of those parcels prior to the death of the defendant Richard Rowe distinguished those proceeds as personal property, independent of the parcels C, D and E; and, if an equitable conversion is deemed accomplished by the order of confirmation, whether the conversion occurred on the signing of the judgment or upon its subsequent entry after the death of the defendant Richard Rowe, retaining to the proceeds of the parcels C, D and E the fictitious character of real property; and, if so, whether it was incumbered by a dower interest of the widow of the defendant Richard Rowe.

The law applicable to this motion seems to have been definitely established to be, first, that an equitable conversion occurred when the direction was given to sell the property and the interests of the parties determined. This has been applied to the construction of wills, to the partition of property, to condemnations, and to various other proceedings, under which directions to sell were given in any form, whether by will, decree, operation of law, or otherwise, and in equity the sale is regarded done and the conversion accomplished simultaneously with the direction therefor. (*Greenland* v. *Waddell*, 116 N. Y. 234, 240, and cases cited; *Denham* v. *Cornell*, 67 id. 556, 561; *Schlereth* v. *Schlereth*, 173 id. 444; *Ametrano* v. *Downs*, 170 id. 388.) It has been held that the rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy, as distinguished from the entry of the judgment.

The rendition of the judgment is the determination of the interests of the parties involved, and its entry is merely the ministerial act of spreading it at large upon the record. The matter of the entry of judgment is important principally in establishing the rights of parties under statutory provisions, and would affect the limitations of time to appeal or the priority of lien, or otherwise become important; but as determining the rights of

the parties involved a judgment is conclusive of those rights upon its rendition, and notwithstanding any delay in its entry. (*Robinson v. Govers, supra; Austin, Nichols & Co. v. Jobes,* 112 Misc. 121, and cases cited.)

So, in this case, direction for sale having been made, and final judgment thereon, confirming the sale and directing distribution of the interests as determined, having been rendered on June 3, 1925, there occurred simultaneously therewith an equitable conversion of the property into personal property, which is conclusive upon all of the interests of the parties to this application, notwithstanding that the actual conveyance under the direction to sell was delayed until June 15, 1925. In the case at bar the situation must be considered as of the time of the making of the decision on June 3, 1925, at which time the defendant Richard Rowe was in existence, and was an adult person entitled to receive his full portion of the proceeds of the sale. His interest was not subject to any subsequent computation, but was definitely fixed by the judgment. There were at that time no interests of infants involved, by reason of which the portions of the proceeds to which such infants may have been entitled would be impressed with the fictitious character of real property during their minority. (*Horton v. McCoy,* 47 N. Y. 21.)

The wife of the defendant Richard Rowe held sufficient dominion over her inchoate right of dower to divest herself thereof by her voluntary act. There is no doubt, therefore, that upon the occasion of the equitable conversion determined to have been made upon the signing of the judgment on June 3, 1925, the defendant Richard Rowe enjoyed the full capacity to receive his portion of the proceeds, independent of an incumbrance or adverse claim or interest, and that for all equitable purposes, the conversion being deemed complete at that time, its character remains unchanged by reason of his subsequent death. Therefore, in instructing the referee with respect to distribution of the portion of the defendant Richard Rowe, it need simply be considered in its character as established by law as personal property which upon his death became subject to administration.

The questions presented by the referee are, therefore, answered as follows: The portion payable to Richard Rowe is not incumbered by any dower interest in the widow, nor does it devolve to the heirs at law of the defendant Richard Rowe subject to any such dower, nor need it be paid to the chamberlain of the city of New York as retaining its fictitious character of real estate, or by reason of the infancy of the next of kin or heirs at law of the defendant Richard Rowe, nor is there any distinction in character between

the proceeds of parcels A and B and the parcels C, D and E.    The portion of the proceeds of all of the parcels are identical in character and are to be treated as personal property for all intents and purposes subject to administration and upon the presentation by the administratrix of the goods and chattels of Richard Rowe, deceased, of her authority to receive the same as the representative of the defendant Richard Rowe, distribution of the portion payable to Richard Rowe under the decree may be made by paying over the same to his administratrix.