ROSABELLE HAYES, Plaintiff, *v.* GORDON W. HAYES, Defendant.

Supreme Court, Equity Trial Term, Onondaga County, April 25, 1945.

*Sydney C. Blumberg* for plaintiff.

*William H. Reiley* for defendant.

SEARL, J. This is an action for a judgment declaring the nullity of a void marriage. The issues were tried at an Equity Trial Term on April 4, 1945, at Syracuse, New York.

The proof discloses that defendant's wife, one Sarah A. Hayes, obtained a decree of divorce from Gordon W. Hayes, the instant defendant, in Tompkins County. The interlocutory judgment is dated October 23, 1937, and appears to have been signed by Hon. RILEY H. HEATH on that date. It was not entered in the office of the Clerk of the County of Tompkins until November 15, 1937. No court order has been entered extending the time to enter the judgment beyond the expiration of the statutory period of fifteen days after the party became entitled to enter the same. (Civ. Prac. Act, § 1175.)

Had the interlocutory judgment been entered on the day it bears date, it would have become final on January 23, 1938.

On July 9, 1938, plaintiff entered into an alleged ceremonial marriage with this defendant at Montrose, Pennsylvania. In June, 1940, a son was born to the instant parties.

Although no pertinent decisions are available, yet this ceremonial marriage must be declared a nullity. Fortunately, such a declaration will in no wise affect the legitimacy of the child. (Civ. Prac. Act, § 1135.)

Not only is the language of section 1175 of the Civil Practice Act mandatory: " the decision of the court * * * must be filed and interlocutory judgment thereon must be entered within fifteen days after the party becomes entitled to file or enter the same," but it is padlocked by the further language " can not be filed or entered after the expiration of said period of fifteen days unless by order of the court upon application and sufficient cause being shown for the delay."

As further interpretive of the language just quoted, we have a portion of section 171 of Statutes (McKinney's Cons. Laws of N. Y., Book 1 [1942 ed.]) which provides: " While the line between mandatory and directory statutes cannot be drawn with precision beyond saying that it follows the legislative

intent, one test is the presence or absence of negative words rendering the performance of an act illegal or improper if compliance is not made with the statute."

The attention of this court has been called to a decision of the Third Department in *Jackman* v. *Jackman* (258 App. Div. 838). The wife had obtained an interlocutory decree against a former husband, granted March 6, 1937. It was not entered until March 12, 1937, and became final June 12, 1937. Upon the assumption that the decree became final three months after it was granted, namely, June 6, 1937, plaintiff married defendant on June 7, 1937. The trial court, in the exercise of discretion, permitted the re-entry of the interlocutory decree *nunc pro tunc* as of March 6, 1937.

Such exercise of discretion is not permissible in the instant case directed to cure a defect in failing to enter the decree within the prescribed period of fifteen days.

As said by LEWIS, J., writing for a majority of the court in *Mohrmann* v. *Kob* (291 N. Y. 181, 186): "However, an order *nunc pro tunc* may not serve to record a fact, such as a divorce, as of a prior date when the fact did not then exist." To like effect the court quotes with approval from *Guarantee Trust Co.* v. *P., R. & N. E. R. R. Co.* (160 N. Y. 1, 7).

The distinction is clear that in the instant case the fifteen days' deadline had been exceeded. It appears as a fact.

Therefore, reluctant as the court may be to question the validity of the present ceremonial marriage, no alternative remains in view of the pleadings and proof.

A decree may enter declaring the ceremonial marriage entered into between the parties at Montrose, Pennsylvania, on July 9, 1938, a nullity, and void.