LAWRENCE E. ARZT, Respondent, *v.* DERNA INTERNATIONAL, INC., Appellant.

LAWRENCE E. ARZT, Respondent, *v.* DERNA INTERNATIONAL, INC., Appellant.

LAWRENCE E. ARZT, Respondent, *v.* FRAMEN STEEL SUPPLY COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, May 21, 1953.

*Benjamin Lebenbaum* and *Sydney M. Stein* for appellants.

*Winfred C. Allen* for respondent.

HOFSTADTER, J. In three actions, two against the defendant, Derna International, Inc., and one against the defendant, Framen Steel Supply Company, Inc., tried together without consolidation, the defendants appeal from adverse judgments of the Municipal Court, Ninth District, Manhattan, after trial before Justice McNAMARA, without a jury. They appeal also from later orders in each of the three actions made by the Trial Justice

denying their motions to vacate the judgments and for a new trial on the ground that the decision was not rendered within the time limited therefor by section 119 of the New York City Municipal Court Code. Since the facts are fully set forth in the dissenting opinion of Mr. Justice EDER, restatement of them is unnecessary. We are all agreed that the Trial Justice's disposition on the merits was correct and, but for the difference of opinion on the question of the timeliness of the rendering of his decision, there would be no occasion for an opinion in the case.

By stipulation the Trial Justice's time to render his decision was extended to November 7, 1952. On November 7, 1952, the Trial Justice delivered to his stenographer his signed decision in each of the three cases, dated November 7, 1952. In addition to a direction for judgment in each instance, the decision in the first action also embodied an opinion. The stenographer requested a court attendant to take the decisions. The weekend of November 7–10, 1952, intervened and apparently the decisions did not reach the clerk's office until the following Monday, November 10, 1952. In the docket the entry is made under the date of November 7, 1952.

In our opinion the date of rendering decision, within the purview of section 119 of the Municipal Court Code is the date on which it is released by the Trial Justice. When the Trial Justice signs his decision and delivers it to his stenographer or a court attendant for transmission to the clerk, he has completed the judicial function of deciding the issue. He has made his determination and sent it on its way through the regular channels. The delivery to the clerk is a ministerial not a judicial act. Delay, omission or mishap in the performance of this ministerial duty committed to others should not vitiate a decision rendered by a justice within the prescribed period. We find support for our conclusion in *Drabik* v. *John Hancock Mut. Life Ins. Co.* (154 Misc. 829) and *Austin, Nichols & Co.* v. *Jobes* (112 Misc. 121).

*Collins* v. *Davis* (114 N. Y. S. 792), in our opinion, holds nothing to the contrary. It was decided that notice of appeal dated December 26, 1907, from a judgment entered either on July 23d, or August 3, 1907, was too late. Under the statute then in effect the time within which an appeal might be taken ran from the time judgment was actually entered in the docket book, and not from the date of the decision upon which judgment was entered. The court there was dealing with the date of the entry of judgment, not with the date of rendering the decision.

We, therefore, hold that the decision was rendered on November 7, 1952, and was timely.

Though the facts vary slightly, the same question is presented in *Six East Corp.* v. *Vaughn* (N. Y. L. J., May 22, 1953, p. 1727, col. 5) and we uphold the timeliness of the decision in that case also.

The judgments are affirmed, with $25 costs as of one appeal, and the order herein is affirmed, with $10 costs as of one appeal.

EDER, J. (dissenting). As to the appeal from the order which denied the motion to vacate the judgments as not having been timely rendered, it is my opinion that the order should be reversed, the motion granted, and the judgments vacated, because, as I view it, the record is decisive that the Trial Judge did not render his decision within the prescribed fourteen-day period, and, therefore, the judgments should be vacated and a new trial ordered.

It is therefore really unnecessary to discuss the appeals from the judgments, but I shall do so for the purpose of the record by a brief statement with respect thereto.

The plaintiff brought three separate actions against the defendants. The first action bears index No. 1599-52 and was brought against the defendant Derna; the second action bears index No. 1600-52 and is similarly brought against the defendant Derna; the third action bears index No. 1601-52 and is brought against the defendant Framen Steel Supply Co., Inc. These three actions were tried together but they were not consolidated. They were tried together for the sake of convenience.

The first and second causes of action are brought against the defendant Derna, the first being to recover a deposit of $3,000, with interest, which deposit was made by the plaintiff with the said defendant under a certain written contract for the sale and delivery by the defendant to the plaintiff of a quantity of deformed reinforcing steel bars. The plaintiff claimed that the defendant had breached the contract by failure to make delivery and to supply certain documents necessary for the purpose of inspecting the merchandise purchased and, as a consequence, the plaintiff sought to recover back the deposit and interest. The second cause of action against Derna is to recover overcharges made by the defendant and paid by the plaintiff resulting from shortages in the deliveries of other deformed reinforcing steel bars under a separate contract made with the said defendant Derna and which is unrelated to the original contract made, the basis of the first suit. The third action, which is against the

defendant Framen, is for the recovery of an aggregate of overcharges made by the defendant and paid by the plaintiff resulting from shortages in deliveries of steel, other than deformed reinforcing steel bars, under a certain oral contract which was entered into between the parties and which is also unrelated to either of the other two actions brought against Derna.

The court below, in rendering a judgment for the plaintiff in all three causes of action, filed an opinion. With respect to the first action by plaintiff against Derna and bearing No. 1599-52, which was to recover the $3,000 deposit made by the plaintiff with said defendant, the trial court found that the said defendant had breached the contract, that it was unable to comply with its obligations under the contract and sought to escape liability by claiming that the plaintiff was unable to complete the transaction. With respect to action No. 2, bearing index No. 1600-52, brought by the plaintiff against Derna, the court in its decision states that the defendant admitted owing the plaintiff the sum of $1,150. With respect to the third action, bearing No. 1601-52, brought by the plaintiff against Framen, the decision also states that in that action the defendant admitted owing plaintiff $1,860.04.

There therefore can be no merit to the appeal of the defendants with respect to these two actions except their claim that the plaintiff breached the contract instead of the contract being breached by them. However, the court found, on adequate evidence, that the plaintiff was not at fault and that these defendants were at fault, so that, if I were to discuss these appeals at length, I would refer to the particular pages of the record justifying this determination by the judge below.

Similarly, with regard to the recovery of the $3,000 deposit, I would enter upon a like discussion, but I deem all this unnecessary, as I have said, because of the fact that I feel that we should reverse the order denying the motion to vacate the judgments as not having been timely rendered and so discussion with respect to the appeals from the judgments is really academic.

I now advert to the appeal from the order which denied the motion to vacate the judgments as not timely rendered.

It appears that the time for the Trial Judge to render his decision expired on November 7, 1952, and on that day the Trial Judge gave his decision to his stenographer. It also appears without dispute that the decision was not delivered to the clerk of the court until November 10, 1952. Under the provisions of section 119 of the Municipal Court Code, the decision must be rendered within the fourteen-day period. It would seem, there-

fore, to be obvious that the decision here was not rendered in time because it was not delivered to the clerk of the court until after the fourteen-day period had expired. The court below therefore should have granted the motion since, it seems to me, there was no escape from the failure to deliver the decision to the clerk of the court within the prescribed fourteen-day period. The mere fact that the decision was handed by the Judge to his stenographer, who failed to deliver it in time to the clerk of the court, did not vitalize the decision. It had no legal effect until it was delivered to the clerk of the court and then only if delivered in time. In attempting to validate the failure to deliver the decision to the clerk in time, the Trial Judge stated that he had given his decision to the stenographer but the stenographer in turn had requested a court attendant to take it. This, in my opinion, did not have the effect of validating the decision or excusing the omission to file it within the prescribed period.

The decision of this court, in *Collins* v. *Davis* (114 N. Y. S. 792), held that where the Justice of the Municipal Court orally or in writing communicates *his decision to the clerk,* he has fulfilled his judicial duty, which is imperatively to be performed within the time fixed by statute, and this court held that the entry or recording of the decision as a judgment is merely ministerial, and may be validly performed afterwards. That is so since it is immaterial on what particular day the clerk makes the physical entry in the judgment docket, so long as the decision was received by him within the fourteen-day period. The following, from the opinion of the court in that case, indicates very clearly the rule that was laid down (p. 793) : " Indorsement of the decision of the trial justice upon the papers in the case is not a rendering judgment. Dalton v. Loughlin, 4 Abb. N. C., 187. The rule regarding the entering of judgment in the District Courts (now the Municipal Court) is laid down in the foregoing case, and is substantially as follows : The District Courts are provided with clerks, who by statute discharge the ministerial duties from the commencement of the action to the issuing of the execution. They are required to record the proceedings and to keep a docket, in which must be entered, among other things, ' the judgment of the court '. Their functions are ministerial, whilst the functions of the justice are judicial. The justice must make known to the *clerk,* either orally or in writing, the judgment that is to be rendered, as it is the clerk, and not the justice, who is by statute to record the proceedings of the court. The justice shall within the time fixed by statute orally or in writing

deliver his judgment, that the clerk may record what it was and when it was rendered. * * * When the justice orally or in writing communicates his decision to the *clerk*, he has fulfilled his judicial duty, which is imperatively to be performed *within the time fixed by statute.*'' (Emphasis supplied.)

Since, in the case at bar, the decision was not rendered within the meaning of the term '' rendered '' until it is *delivered to the clerk within the statutory time,* it must follow as I view it, that the order appealed from should be reversed, the motion to vacate the judgments granted and the case set down for retrial.

I am, therefore, unable to concur for affirmance, and accordingly dissent.

HAMMER, J., concurs with HOFSTADTER, J.; EDER, J., dissents in opinion.

Judgments and order affirmed, etc.