Lois E. POWELL, Appellant, *v.* IRA G. POWELL, Respondent.

Fourth Department, May 27, 1953.

*Gervase Rhoney* for appellant.

*John F. McNulty* for respondent.

Piper, J. This is an action for a judgment declaring that a ceremonial marriage between the parties on July 3, 1939, at Alexandria, Virginia, was void on the ground that defendant at that time had a wife living. The facts as shown by the pleadings are as follows:

The defendant had married one Helen Elizabeth Powell on or about October 8, 1913. On October 5, 1938, Helen Elizabeth Powell commenced an action for divorce against the defendant in Supreme Court, Niagara County, by service of a summons and complaint. An answer was filed, but later withdrawn. Proofs

were taken at Special Term, Erie County, on December 22, 1938; thereafter, findings of fact, conclusions of law and an interlocutory judgment of divorce were signed by the Justice presiding on December 27, 1938, and marked for entry in Niagara County. The judgment roll was sent to an attorney in Niagara County for filing, but instead of filing same in the Niagara County Clerk's office the attorney gave the original interlocutory judgment to the defendant, who, believing that the divorce had become final three months after the date of the interlocutory decree, married plaintiff on July 3, 1939. A child was born to the parties on July 15, 1942. Later plaintiff, who was a citizen of Canada, made application for United States citizenship, and the investigation of the authorities disclosed that the divorce decree and judgment roll had not been filed as required by statute. An application was then made to a Justice of the Supreme Court for an order permitting the filing *nunc pro tunc* as of December 29, 1938, which order was granted December 4, 1944, and pursuant to such order the judgment roll was filed on December 5, 1944. The parties cohabited as man and wife until about July 1, 1952, at Niagara Falls, New York; on or about that date plaintiff left defendant and shortly thereafter commenced this action. Defendant interposed an answer which did not deny any of the facts above set forth, and plaintiff moved for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. The court denied the motion and dismissed the complaint and held that under the facts here shown the order filed December 5, 1944, permitting the filing of the judgment roll as of December 29, 1938, was effective in divorcing the parties to the original action as of three months thereafter on March 29, 1939.

Section 1175 of the Civil Practice Act requires that the " decision of the court or report of the referee must be filed and the interlocutory judgment thereon must be entered within fifteen days after the party becomes entitled to file or enter the same " but permits the filing thereafter on order of the court upon " sufficient cause being shown for the delay." Section 1176 provides that " the interlocutory judgment shall become the final judgment as of course " three months after the entry of the interlocutory judgment, " unless for sufficient cause the court in the meantime shall have otherwise ordered."

An action for divorce is a statutory action and the equity powers of the court cannot be invoked to change the requirements and procedure set forth in the statute by the Legislature.

As pointed out above, one of those requirements is that there must be a waiting period of three months from the filing of the decision and entry of the interlocutory judgment before the divorce decree becomes final. The order of December 4, 1944, insofar as it permitted the filing of the judgment roll was authorized by statute, except that part thereof which decreed that it be entered *nunc pro tunc* as of December 29, 1938; that part of the order was beyond the power of the court as it violated the statute which requires that an interlocutory judgment of divorce does not become the final judgment until three months after the entry thereof.

We think the court so held in *Merrick* v. *Merrick* (266 N. Y. 120, 123) in the following statement: " New rights, arising out of a matrimonial relationship, cannot be created by a judicial declaration in 1933 concerning an assumed fact which concededly did not exist in 1925 and the existence of which was an essential element of a lawful marriage." Also in *Mohrmann* v. *Kob,* 291 N. Y. 181, 186) the court said: " However, an order *nunc pro tunc* may not serve to record a fact, such as a divorce, as of a prior date when the fact did not then exist."

The statutory requirement is clear; the decision of the court and the interlocutory judgment must be filed and entered three months before the divorce decree becomes final. The court has no power to shorten or eliminate the three months' period; to permit this to be done here, where the facts appear to show that the error was that of an attorney, would set a precedent that would in effect permit the court in any divorce proceeding to circumvent the clear requirements of the statute of a three months' waiting period after the filing of the interlocutory judgment before that judgment becomes final.

We have not overlooked the decision in *Jackman* v. *Jackman* (258 App. Div. 838) which appears to hold that an order permitting the re-entry of an interlocutory decree *nunc pro tunc* was within the equity powers of the court " and the court exercised sound discretion in granting the order." We think the court failed there to take into consideration that the remedy of divorce is entirely statutory and the court could not exercise its equity powers to change the clear mandate of the statute. While leave to appeal to the Court of Appeals was there denied (282 N. Y. 808), we assume the denial was based on jurisdictional grounds and not on the decision of the question of law involved.

The decisions under the prior statute, which required the entry of a final judgment, and permitted the entry thereof

*nunc pro tunc* as of the time the final judgment might have been entered, are not in point, as in those cases the three months' waiting period had elapsed and the statute had been complied with in all essentials except the filing of the final judgment authorized by the interlocutory judgment. Here no judgment had been entered.

Plaintiff-appellant in her complaint has stated a good cause of action to have it declared that her marriage to defendant on July 3, 1939, was void on the ground that defendant at that time was married to Helen Elizabeth Powell and that such marriage was not terminated by divorce until three months after the filing and entry of the divorce decree on December 5, 1944. The complaint should therefore not have been dismissed.

We think however that the plaintiff was not entitled to a judgment on the pleadings. While the answer does not raise the issue the court should have taken proof of the fact as to whether or not Helen Elizabeth Powell was living on July 3, 1939. If she was, plaintiff was entitled to judgment as demanded in her complaint. If she was not, the marriage of plaintiff and defendant was a valid marriage.

The judgment and order appealed from should be reversed and a trial of the issues granted.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment and order reversed on the law and facts, with costs to the appellant, and a trial of the issues granted.