■

Lawrence E. Arzt, Respondent, v. Derna International, Inc., Appellant. Lawrence E. Arzt, Respondent, v. Derna International, Inc., Appellant. Lawrence E. Arzt, Respondent, v. Framen Steel Supply Co., Inc., Appellant. — Determinations unanimously affirmed, with costs to the respondent. No opinion. Present — Peck, P. J., Dore, Breitel and Bastow, JJ. [204 Misc. 195.]

■

Ruth Bailey, Respondent, v. Mary Crump et al., Appellants, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Breitel and Bastow, JJ.

■

Stephen Kodenski, Respondent, v. Baruch Oil Corporation et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Breitel and Bastow, JJ.

(February 11, 1954.)

■

In the Matter of L. I. Waldman & Company, Inc., Appellant, against Frederick H. Zurmuhlen, as Commissioner of Public Works of the City of New York, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Dore, J. P., Cohn, Callahan and Botein, JJ. [See *post,* p. 783.]

■

In the Matter of Marilyn Greensher, Individually and as Executrix of Adolph Reitmeister, Deceased, Petitioner, against Denis O'L. Cohalan, Formerly a Justice of the Supreme Court, et al., Respondents.— Application for an order of prohibition denied and the petition dismissed, and the stay vacated. Present — Dore, J. P., Cohn, Callahan and Botein, JJ.

(February 16, 1954.)

■

Royal Stein, Inc., et al., Appellants, *v.* B. C. U. Holding Corp., Respondent.

*Per Curiam.* Plaintiffs appeal from an order dismissing their complaint and from the judgment entered thereon. It appears therefrom that the plaintiffs were bailors of material in the possession of tenants, as bailees, occupying space on the second and third floors of a building owned by the defendant. It is alleged that the material was in the possession of the respective tenants for processing. The complaint contains allegations that a toilet room was located on the third floor, which was used for the benefit of the tenants, and that the defendant operated, managed and controlled the plumbing and other fixtures therein. Negligence is charged against the defendant in failing to keep this equipment in repair so that water flooded the premises and damaged the material.