Frank Del Vecchio, J.
This is an application hy a defendant in a divorce action for modification of the decree rendered against him so as to permit his remarriage pursuant to section 8 of the Domestic Relations Law.
•It appears that the action was tried before an Official Referee on June 10,1953 and a decree was signed on June 27, 1953 providing, among other things, that the judgment was interlocutory only and that ‘‘ upon the expiration of three months after the entry hereof, unless for sufficient reason the Court in the meantime shall otherwise have ordered, this judgment shall become final, as of course, and thereupon the marriage between the plaintiff, Fern Hugunin, and the defendant, Lucius A. Hugunin, shall he dissolved ”. The decision was not filed and the interlocutory judgment thereon was not entered until September 2.8, 1956, presumably by order of the court, although this is not mentioned in the application. The judgment became final December 28, 1956.
The present application to permit the defendant’s remarriage has been made ex parte (Spinks v. Spinks, 43 N. Y. S. 2d 418) and is unopposed; however, this court is of the opinion that the application is premature and must therefore be denied.
Section 8 of the Domestic Relations Law provides that modification of a divorce decree to permit remarriage by a defendant “ shall be made only upon satisfactory proof that three years have elapsed since the decree of divorce was rendered, and that the conduct of the defendant since the dissolution of said marriage has been uniformly good ”. In support of his application, defendant contends that, although his divorce did not become effective until December 28, 1956, the ‘ ‘ decree was rendered ’ ’ (in the language of Domestic Relations Law, § 8) when the interlocutory decree was signed on June 27, 1953 and the three-year waiting period prescribed hy the statute began to run at that time.
Extensive research has failed to disclose any reported decision in this jurisdiction on the question now raised. Petitioner has cited a number of cases to indicate that a judgment is “ rendered” when the original judicial determination of the rights of the parties is made and that entry of the judgment is ministerial only, a mere formality, having no effect on the prior adjudication. (Robinson v. Govers, 138 N. Y. 425; Langrick v. Rowe, 126 Misc. 256; Fish v. Emerson, 44 N. Y. 376; Vogel v. Edwards, 283 N. Y. 118; Dowling v. Stephan, 206 Misc. 518; Matter of Gleit v. Keller, 178 Misc. 198; Austin, Nichols & Co. v. Jobes, 112 Misc. 121; Haggar v. Gorayeb, 182 N. Y. S. 776.) The cases cited are distinguishable however in that none is con *662 cerned with a judgment in a divorce action which, the Legislature and the courts have indicated, is to be regarded somewhat differently from other actions.
Section 1175 of the Civil Practice Act requires that in an action for divorce the decision of the court must be filed and the interlocutory judgment thereon must be entered within 15 days after the party becomes entitled to file and enter the same. Section 1176 prescribes a period of three months after entry of the interlocutory judgment before it becomes final. Until the expiration of that time, the matrimonial status of the parties remains unchanged. The judgment handed down after the trial of the issues is interlocutory only and does not dissolve the marital relationship. (Matter of Crandall, 196 N. Y. 127; Kingsbury v. Sternberg, 178 App. Div. 435, 436.) Thus, if one party to a marriage dies before the judgment of divorce becomes final, the survivor is entitled to a spouse’s share in the estate of the deceased. (Matter of Crandall, supra.) So also, a second marriage effected after entry of an interlocutory decree but before the three-month period has elapsed is absolutely void. (Landsman v. Landsman, 302 N. Y. 45.)
The entry of the interlocutory judgment and the expiration of the statutory waiting period are more than mere formalities; they are integral steps in the dissolution of a marriage. Until they have occurred, no change takes place in the relationship of the parties. Moreover, the courts are without authority to order entry of an interlocutory decree nunc pro tunc or otherwise to shorten the waiting period after actual entry. (Merrick v. Merrick, 266 N. Y. 120; Powell v. Powell, 282 App. Div. 99; Hayes v. Hayes, 184 Misc. 895.) “ An action for divorce is a statutory action and the equity powers of the court cannot be invoked to change the requirements and procedure set forth in the statute by the Legislature. (Powell v. Powell, supra, p. 101.)
It is apparent then that the entry of the interlocutory judgment— which is a prerequisite to any effective adjudication between the parties — in a divorce action, is substantially different from entry of judgment in, for example, a foreclosure action, where it may be characterized as ministerial only. (Vogel v. Edwards, 283 N. Y. 118, supra.) In view of the foregoing, this court is of the opinion that for the purpose of defendant’s remarriage— as for other purposes — a decree of divorce is not rendered until interlocutory judgment has been entered and become final in accordance with section 1176 of the Civil Practice Act. The three-year period before an application for permission to remarry may be made begins to run on that date.
*663 If the defendant’s position were correct the following could occur: On January 15, 1957 a party could file and enter interlocutory judgment on a decree of divorce granted by the court in 1953. The judgment would become final on April 15, 1957. On April 16, 1957 the defendant could obtain an order to remarry— only one day after the dissolution of the marriage. That could not have been the intention of the Legislature. The words in the statute “ that the conduct of the defendant since the dissolution of said marriage has been uniformly good ” (which follows immediately the three-year requirement), when read with the other language in the statute, means in my opinion that the defendant’s conduct must have been uniformly good for a period of at least three years since the marriage was dissolved, i.e., three months after the interlocutory judgment was entered.
Since three years have not elapsed from the date the judgment of divorce became final, the application must be denied.