William B. Lawless, J.
This is a motion by the plaintiff for an order awarding plaintiff a reasonable sum for her maintenance and support and for the care, support and maintenance of her infant son, John Occhino, and for a reasonable sum as counsel fees to enable her to prosecute the within motion, and for an order amending an interlocutory decree of divorce made and entered on December 20, 1956.
In January, 1956, an action was brought by the plaintiff herein for separation. During that year both parties were represented by counsel and a series of conferences were held concerning the action. Late in 1956, the action for divorce was instituted and the interlocutory decree was entered on December 20, 1956. On the same day an agreement was executed by the terms of which the defendant was to pay $2,500 in cash to the plaintiff immediately upon her obtaining an interlocutory decree of divorce against defendant; an additional $2,500 was to be paid by the husband to the wife when the divorce decree became final three months after entry of the interlocutory judgment; an additional $15,000 was to be put in trust with the Marine Trust Company for the benefit of the plaintiff and her infant son, and *125 a trust agreement was executed providing that $6,212 of the $15,000 be allocated to payments to the wife at the rate of $37 per week, which payments were to commence on the first Monday following 60 days after obtaining the final decree of divorce and which were to continue until that sum had been paid to the plaintiff.
The balance of $8,788 was to be used to make payments to the infant son at the rate of $13 per week until the full sum had been paid over. Other provisions of the agreement and trust are not relevant to the issue before us.
After entry of the final decree and some time in 1957 defendant remarried but the terms of the agreement and trust have been carried out. In this proceeding, plaintiff wife contends that her agreement of December 20, 1956 with the defendant is null and void, contrary to public policy and in violation of section 51 of the Domestic Relations Law of the State. She therefore prays that this court make a proper award for her continuing support and make an additional award for her infant son.
The question for decision then is whether the parties executed a legal agreement on December 20, 1956 when the interlocutory decree of divorce was filed.
Section 51 of the Domestic Relations Law relates to the powers of a married woman and states, in pertinent part, as follows: ‘ ‘ but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife ” (emphasis supplied).
In Haas v. Haas (298 N. Y. 69) the Court of Appeals, in interpreting this section, held that a contract to relieve a husband from future liability to support his wife is contrary to public policy and illegal. Judge Fuld, writing for the majority, reasoned that the obligation of a husband to provide for his wife springs from the marital relationship itself and requires him to support her in conformity with his condition and situation in life. That duty, Judge Fuld stated, the Domestic Relations Law makes clear may be neither avoided nor diminished. He stated that section 51 strips husband and wife of the power to relieve the husband from this obligation; both are rendered incapable of bargaining away the woman’s right to the man’s support. He pointed out that the State itself is deeply interested in this matter. Judge Fuld goes on to point out that the Court of Appeals has been ever alert to enforce section 51 and to strike down any agreement fairly within its intendment. He states at page 72 of the opinion: “ However artful the terms of the agreement, however veiled the design to terminate the husband’s obligation, contrary to the mandate of section 51, the *126 attempts are doomed to failure. Thus, a husband may not purchase enduring exemption either by payment of a lump sum (Jackson v. Jackson [290 N. Y. 512]; Kyff v. Kyff [286 N. Y. 71]) or by payments of installments over a limited period of years.” See Pomerance v. Pomerance (301 N. Y. 254 [1950]).
In Goldman v. Goldman (282 N. Y. 296, 302-303 [1940]) of the opinion, Chief Judge Lehmax considered a similar problem and stated: “ The State does not permit the husband to purchase exemption from the marital obligation to provide ‘ suitably ’ for the wife and children, for that is an obligation which concerns the State as well as the parties to the marriage. * * * True, no public policy of the State prevents the parties from foreclosing by agreement a controversy between themselves as to what constitutes the amount which the husband should pay and the court will ordinarily direct the husband to pay the amount which the parties agree constitutes suitable provision for the support of the wife; but a direction so made is no more inviolate from future change by the court than a direction made by the court after a controversy between the parties as to the amount which the wife should receive has been determined by the court. ’ ’
In the case before us, it is clear that the agreement between the parties was executed on December 20, 1956 at a time when the parties were husband and wife, even assuming that the interlocutory decree of divorce was entered earlier that day. They continued to be husband and wife for three months following December 20, 1956. An interlocutory judgment does not act to dissolve the marital relationship. (Pettit v. Pettit, 105 App. Div. 312; Kingsbury v. Sternberg, 178 App. Div. 435; Wolf v. Wolf, 70 N. Y. S. 2d 634; Tramutola v. Tramutola, 85 N. Y. S. 2d 758.) It has been held that a marriage contracted before an interlocutory decree becomes final is void. (Hugunin v. Hugunin, 5 Misc 2d 660.) The reason for the entry of an interlocutory judgment followed by a lapse of three months before final judgment is entered has been to keep the matter of the divorce under consideration of the court and within its power to prevent scandals of fraudulent and collusive judgments and of speedy and prearranged marriages (Matter of Crandall, 196 N. Y. 127). Further, the courts encourage condonation of the offense upon which the divorce judgment is based and hope that the parties may patch up their marital woes during the three months’ period. (Galusha v. Galusha, 116 N. Y. 635; Bishop v. Bishop, 82 Misc. 676.)
We conclude that the agreement of December 20, 1956 which was executed by a husband and wife, violated section 51 of the Domestic Relations Law and is, therefore, null and void.
*127 Concerning the request for the maintenance and support of the plaintiff and her son, the court has examined the various affidavits as to the ability of the defendant to support his former wife and child, and concludes that his economic position now is essentially the same as it was in December, 1956. The court therefore awards the plaintiff for herself the sum of $37 per week and awards an additional payment to the wife in behalf of the infant son of $13 per week, to be used exclusively for the support and maintenance of the son, John Occhino.
Plaintiff’s counsel is entitled to a counsel fee of $350 to be paid by defendant. Prepare and enter order in accordance with this memorandum.